OPINION OF THE COURT
Memorandum.
The order of the Appellate Term should be reversed and a new trial ordered.
During the course of the jury deliberations, the trial court permitted the jurors to go to their homes for dinner, separately and unsupervised. CPL 310.10 provides that a deliberating jury "must be continuously kept together under the supervision of a court officer” (emphasis supplied). This section mandates the jury’s seclusion during deliberations (see, People v Bouton, 50 NY2d 130, 138). The trial court erred in failing to keep the deliberating jury continuously together under supervision as required by the statute.
We reject the People’s argument that this error cannot be reviewed because of defendant’s failure to object at trial. Errors which " 'affect the organization of the court or the mode of proceedings prescribed by law’ ” need not be preserved and, even if acceded to, still present a question of law for this court to review (see, People v Ahmed, 66 NY2d 307, 310 [quoting People v Patterson, 39 NY2d 288, 295, affd 432 US 197]). The trial court’s violation of CPL 310.10 in this case constitutes such error.
We reject defendant’s argument that the People’s proof of sexual abuse in the second degree was insufficient. Because the CPL 310.10 error requires reversal, we need not reach defendant’s remaining contentions.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.