■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH L. MARKS, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: The People concede that reversal is required because the deliberating jury was not "continuously kept together under the supervision of a court officer" (CPL 310.10; *People v Coons,* 75 NY2d 796). Failure to sequester the jury during deliberations is an error which " 'affect[s] the organization of the court or the mode of proceedings prescribed by law' " *(People v Ahmed,* 66 NY2d 307, 310, quoting *People v Patterson,* 39 NY2d 288, 295, *affd* 432 US 197). Although the parties agreed to let the jurors go home for the evening, failure to sequester the jury during deliberations is a fundamental error depriving defendant of a fair trial. "[T]he right protected by CPL 310.10 is of such fundamental importance that defendant can neither waive it nor consent to waive it, violation of such right is per se reversible" *(People v Dasher,* 161 AD2d 1207, 1208). (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.— assault, second degree.) Present—Callahan, J. P., Doerr, Boomer, Pine and Lawton, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY V. VOISINET, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Orleans County Court, Miles, J.—rape, second degree.) Present —Dillon, P. J., Doerr, Green, Pine and Davis, JJ.