OPINION OF THE COURT
Hancock, Jr., J.
CPL 310.10 provides that once a jury has retired to deliberate, it "must be continuously kept together under the supervision of a court officer or court officers.” The question here is whether this sequestration requirement creates the sort of fundamental right which may never, under any circumstances, be affirmatively waived by the defendant. We hold that it does not and that where, as here, defendant and his attorney have expressly agreed to the procedure, the court, in its discretion and with appropriate instructions, may permit deliberating jurors to return overnight to their homes separately and without supervision.
I
On April 21, 1988, defendant was convicted by a jury of first and third degree rape, first and third degree sexual abuse, attempted sexual abuse in the third degree and incest. Early *337 in the afternoon of the previous day, the court completed its charge and submitted the case to the jury. After the jury had retired to deliberate, the court raised the question of permitting the jurors to return to their homes for the night in the event that they had not agreed on a verdict by 4.50 p.m. The following discussion took place in open court between the court, defendant and defense counsel Hinman:
"the court: As I indicated to you in chambers, Mr. Hinman, there being no coverage of this particular matter, nothing of any consequence, it’s been our practice, with the permission of the defendant, agreement of the defendant and his lawyer, to allow the jury to return home should they not arrive at a verdict by ten minutes of five or thereabouts. That would require an agreement from you and waiver of Section 310.10 of the Criminal Procedure Law. Now, are you agreeable to doing that?
"mr. hinman: Yes, your Honor, I’ve discussed this matter with Mr. Webb. I’ve explained to him what the procedure would be in the event that he did not waive the provisions of the statute and I’ve reviewed with him what the procedure would be if he did waive the provisions of the statute and both he and I are agreeable to waiving it and allowing the jury to go home at ten of five if they have not reached a verdict by that time.
"the court: Did you hear the comments your lawyer has made, Mr. Webb?
"the defendant: Yes, your Honor.
"the court: Are you agreeable to that?
"the defendant: Yes, your Honor.
"the court: Very well.”
The jury returned to the courtroom at 4:45 p.m. and, in response to the court’s inquiry, the foreperson reported that the jury had not reached a verdict. The court then advised the jury as follows:
"the court: Ms. Barber [the foreperson], ladies and gentlemen of the jury, it is now twelve minutes of five. Since this particular case has not received that much notoriety, we had determine [sic] that I would send you home this evening with *338 the admonition to you, of course, not to discuss the matter at home with anyone else, do not visit the alleged scene of the alleged crime, listen to, watch, read anything on the matter should it appear in the news media.
"I’d like you to come in tomorrow morning at 8:30. Now, when you come in, someone may stop you. Tell them, I’m going to Judge Celli’s court; I’m a juror and in deliberation. They will let you up. Deputy Kryk will be here to greet you and you will go immediately at 8:30 to the jury deliberating room and continue your deliberation. Everybody understand that?
"(no verbal response)”.
The jury returned and resumed deliberations the next morning pursuant to the court’s directions and ultimately found defendant guilty on the various counts.
On appeal to the Appellate Division, that court, citing People v Coons (75 NY2d 796), held that it was error to permit "the jurors to return home overnight separately and unsupervised during deliberation” (161 AD2d 1167). Accordingly, it reversed and granted a new trial. The People have been given leave to appeal to this Court, and we now reverse and reinstate the judgment.
II
In addressing the central question of whether a defendant may waive the sequestration requirement in CPL 310.10, we note preliminarily that we did not decide that question in People v Coons (75 NY2d 796, supra) as defendant contends. In Coons, the issue was whether the Court’s departure from the dictates of CPL 310.10 in permitting deliberating jurors to return to their homes for dinner could be reviewed on appeal even though the defendant had not objected. Unlike the case before us, the defendant had not consented to the procedure. Our holding was simply that a failure to follow CPL 310.10 presented an error affecting the organization of the court or mode of proceedings prescribed by law . which did not require preservation for appellate review. As in Coons, defendant’s failure to object constitutes no impediment to appellate review in this case. But the question of law we address here is one not presented in Coons: whether the sequestration requirement in CPL 310.10 may be effectively waived when, as in the *339 case before us, the defendant has been informed of his rights by counsel and expressly consents on the record in the presence of counsel to the departure from the statute.
Defendant argues that because the sequestration requirement has been held to be sufficiently linked to the mode of proceedings so as not to require preservation (see, People v Coons, supra), it follows that the requirement is not waivable. The argument equates an error which does not require an objection for preservation with an error which necessarily entails a part of the process so essential to the form and conduct of the actual trial that the defendant may not waive it. In other words, what need not be preserved may not be waived. Defendant’s argument is contrary to our decisions.
In People v Ahmed (66 NY2d 307) we pointed out that "[w]aiver and preservation are separate concepts (People v Iannone, 45 NY2d 589, 600), although they are often 'inextricably intertwined’ (People v Michael, 48 NY2d, at p 5, n 1 * * *)” (id., at 311). In Ahmed, the claimed error was the delegation by the Trial Judge to his law secretary of the responsibility for supervising the jury and for rereading portions of the court’s charge in response to requests from the jury. We held that the error was one which did not require preservation since it " 'would affect the organization of the court or the mode of proceedings prescribed by law’ (People v Patterson, 39 NY2d, at p 295 * * *)” (id., at 310). Nevertheless, we proceeded to examine separately the discrete issue of whether the departure from the regular trial procedure was waived by the defendant’s consent to it. As to that issue, we held that the presence and active participation of a Judge constituted an integral component of the common-law right to trial by jury, a fundamental right which could not be waived by the defendant except in compliance with the strict statutory terms (see, CPL 320.10) mandated by the State Constitution (see, NY Const, art I, § 2).
Accordingly, as we did in Ahmed, we address the waivability of the claimed error as an issue that is separate and distinct from the question of preservation. Contrary to defendant’s contention, we conclude that the sequestration provision does not implicate fundamental rights that are an integral part of the trial itself. Unlike in People v Ahmed (supra) and in Cancemi v People (18 NY 128, 137) — both of which involved the defendant’s common-law and constitutionally based right to a jury trial — the requirement that a deliberating jury be sequestered is entirely statutory and reflects no *340 established common-law right of the defendant.* The protection which the provision affords a defendant does not relate to the actual trial proceeding or to how, by what proof or by whom a defendant may be tried and adjudged guilty. Rather, CPL 310.10 relates to what happens after completion of the trial proper and "simply prescribes the separate place, outside the courtroom, the supervisory personnel and interdiction against anyone speaking to or being permitted to speak to any of the jurors” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 310.10, at 647).
Thus, we conclude that the sequestration requirement does not entail a right of defendant that is so essential to the trial proceeding that it may never be waived. Obviously, the need to isolate deliberating jurors to guard against the possibility of outside influence will vary, depending upon the nature, seriousness and notoriety of the case. No reason has been suggested why, in a proper case — such as the one at bar where neither the attorneys nor the court believed the circumstances required sequestration — the court, in its discretion, should not be permitted to dispense with sequestration upon a proper waiver by the defendant. This view accords with the rule in Federal courts and other States and with expressions in comments questioning the need for a stringent rule which permits of no exception to mandatory sequestration (see, e.g., United States v Arciniega, 574 F2d 931, 933 [7th Cir]; United States v Acuff, 410 F2d 463, 466-467 [6th Cir]; 11th Ann Report of Advisory Comm on Criminal Law and Procedure, at 11-13, reprinted in 4th Ann Report of Chief Adm’r of Cts, 1982 NY Legis Doc No. 90, at 166-167).
We find no basis for questioning the adequacy of the waiver obtained here by the trial court. Nor does defendant suggest that the verdict was affected or that he was prejudiced, in any way, by the procedure which was followed. We find no merit in the other issue raised by defendant. Accordingly, the order *341 of the Appellate Division should be reversed and the judgment of Monroe County Court reinstated.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
Order reversed, etc.

 Rather than to protect the defendant by keeping the deliberating jurors from being improperly influenced by contacts with or communications from outside sources, it appears that the purpose of the ancient common-law practice of keeping the jurors locked up without food or drink, and sometimes without heat and light, until they reached a verdict was simply to force them to agree (see, Proffatt, Trial by Jury § 77, at 112-114 [1877]).