■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WASHINGTON, Appellant.—Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered November 16, 1990, convicting defendant, after a jury trial of grand larceny in the fourth degree, and sentencing him, as a predicate felony offender, to a term of imprisonment of 1½ to 3 years, unanimously affirmed.

The evidence viewed in a light most favorable to the People and giving them the benefit of every reasonable inference (People v Montanez, 41 NY2d 53, 57; People v Kennedy, 47 NY2d 196), demonstrated that defendant used a sharp device to cut the victim's pocket and to steal the victim's wallet while codefendant Brown acted as a lookout. The testimony of the police officer that he saw defendant crouching at the victim's side and then looking through a wallet, as codefendant Brown maintained surveillance at the subway car door, leads naturally to that conclusion. The question presented as to the issue of the sufficiency of evidence is whether in its totality it excludes to a moral certainty the hypothesis that someone other than defendant removed the victim's wallet (People v Way, 59 NY2d 361). We find that the evidence herein meets that test.

Defendant's remaining arguments are unpreserved and without merit. The record shows that defendant rejected the trial court's offer to replace the juror he now asserts was unqualified (see, People v Webb, 78 NY2d 335). With respect to defendant's contention regarding a charge on renunciation, defendant never requested such a charge and there is no view of the evidence that suggests that defendant withdrew from participation in the larceny prior to its commission or made a substantial effort to prevent its commission (Penal Law § 40.10 [1]; see, People v Watts, 57 NY2d 299, 301). Concur—Milonas, J. P., Ellerin, Kupferman, Asch and Kassal, JJ.