OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 CPL 310.10 provides that once a jury has retired to deliberate, it "must be continuously kept together under the supervision of a court officer or court officers.” In
 
 People v Webb
 
 (78 NY2d 335) we held that a defendant may waive the CPL 310.10 jury sequestration requirement
 
 (id.,
 
 at 340). Here, defendant argues that such waivers must be made by the accused personally, and that his attorney’s waiver on the record was insufficient. We disagree.
 

 In
 
 Webb,
 
 both the defendant and his attorney expressly agreed to the waiver
 
 (id.,
 
 at 337;
 
 see also, People v Paul,
 
 79 NY2d 970, 971). Nothing in
 
 Webb,
 
 however, required that defendant personally consent to the waiver, or that the record state that counsel discussed the matter with defendant and that he knowingly and intelligently waived the sequestration requirement. Indeed, in
 
 Webb
 
 we concluded that "the sequestration provision does not implicate fundamental rights that are an integral part of the trial”; rather, the requirement "is entirely statutory and reflects no established common-law right of the defendant” (78 NY2d 335, 339-340,
 
 supra; see, id.,
 
 at 340, n). Thus, in this case — where counsel stipulated before the court, on the record and in the presence of defendant, that the jury be permitted to go home overnight after it had commenced deliberations — we hold that such consent by counsel effectively waived the statutory sequestration requirement
 
 (see, Schneckloth v Bustamonte,
 
 412 US 218, 237;
 
 People v Ferguson,
 
 67 NY2d 383, 390;
 
 People v Rosen,
 
 81 NY2d 237, 244-245).
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa, Smith and Levine concur.
 

 Order affirmed, in a memorandum.