■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHID RAHMAN, Appellant. [617 NYS2d 493] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Corriero, J.), rendered September 19, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated August 17, 1992, which denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment.

Ordered that the judgment is reversed, on the law, and a new trial is ordered; and it is further,

Ordered that the appeal from the order is dismissed as academic.

The defendant's conviction must be reversed and a new trial ordered because "the trial court erroneously granted the alternate jurors permission to dine with the 12 regular jurors after deliberations had commenced, in violation of CPL 270.30 and CPL 310.10" (People v Santana, 163 AD2d 495, 496, affd 78 NY2d 1027). Errors such as this that " ' " 'affect the organization of the court or the mode of proceedings prescribed by law' " need not be preserved and, even if acceded to, still present a question of law' for appellate review" (People v Santana, supra, at 497, quoting People v Coons, 75 NY2d 796, 797).

The defendant's remaining contentions are unpreserved for appellate review (see, CPL 470.05 [2]), without merit, or academic. Bracken, J. P., Lawrence, Santucci and Goldstein, JJ., concur.