■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO AGRAMONTE, Appellant. [619 NYS2d 681] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered October 15, 1991, convicting him of murder in the second degree (two counts), attempted murder in the second degree, robbery in the first degree, and assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant's conviction must be reversed and a new trial ordered because the trial court permitted the alternate jurors to dine with the 12 regular jurors after deliberations had commenced, in violation of CPL 270.30 and 310.10 *(see, People v Santana,* 163 AD2d 495, *affd* 78 NY2d 1027; *People v Rahman,* 208 AD2d 775). This error is reviewable despite the defendant's failure to object at trial. Errors which "affect the organization of the court or the mode of proceedings prescribed by law" need not be preserved by specific objection, and, even if acceded to, still present a question of law for appellate review *(see, People v Santana, supra; People v Coons,* 75 NY2d 796; *People v Rahman, supra).* Further, unlike *People v Webb* (78 NY2d 335) and *People v Bello* (82 NY2d 862), there was no express consent to this procedure, and under the circumstances of this case, we do not find a waiver.

The defendant's remaining contentions are unpreserved for appellate review, without merit, or academic. Miller, J. P., O'Brien, Joy and Krausman, JJ., concur.