■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BLACKMOND, Appellant. [622 NYS2d 45] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered October 1, 1991, convicting defendant, after jury trial, of robbery in the first degree, robbery in the second degree, and assault in the second degree, and sentencing him to concurrent terms of imprisonment of from 4 to 12 years on each robbery count and from 2⅓ to 7 years on the assault count, unanimously affirmed.

A fair reading of the extant record indicates that defendant was present during the competency hearing, and defendant has failed to provide any record to indicate otherwise.

The trial court's questioning of two prospective jurors regarding their ability to render a fair and impartial verdict in this case elicited responses satisfying the requirement that the case be determined solely on the evidence *(see, People v Blyden,* 55 NY2d 73).

The trial court appropriately exercised its discretion in granting defendant's request, with the consent of the prosecutor, that two alternate jurors be selected before all sitting jurors were chosen. This procedure, clearly ministerial in nature and intended to expedite jury selection, did not " ' "affect the organization of the court or the mode of proceedings prescribed by law" ' " *(People v Coons,* 75 NY2d 796, 797). Further, as selection of the alternate jurors (who did not

participate in deliberations) was not mandatory (CPL 270.30), the procedure did not constitute a departure from the prescribed mode of the proceedings that in any way affected the ultimate outcome of the tribunal. Concur—Sullivan, J. P., Wallach, Kupferman and Ross, JJ.