OPINION OF THE COURT
Jo Ann Ferdinand, J.
The defendant was charged with inter alia criminal possession of a weapon in the second degree. Following a jury trial *345 which commenced on September 7, 1995, the court completed its charge and submitted the case to the jury. On September 12, 1995, after the jury had retired to deliberate, defendant and his attorney informed the court that the defendant would waive the statutory requirement of sequestration thereby permitting the jurors to return to their homes in the event that a verdict was not reached that evening. The prosecution opposed the waiver. The court determined that this case had not been reported by news media and found that there were no allegations that any members of the defendant’s family had attempted to contact the jurors. Thereafter, the defendant and his attorney signed a written waiver of jury sequestration. When the jury returned to the courtroom that evening and reported that it had not reached a verdict, the court advised the jury to cease its deliberations. The court then informed the jurors that they would be permitted to return to their homes and admonished them not to discuss the matter with anyone, not to visit the alleged scene of the crime and not to read or watch any news media reports of the event. (See, CJI Jury Separation Instructions: CJI Newsletter, vol 2, No.l, summer 1995.) Pursuant to the court’s directions, the jury returned and resumed deliberation on the morning of September 13, 1995, and ultimately found the defendant guilty on various counts.
Effective July 5, 1995, CPL 310.10 was amended to eliminate the mandatory requirement for all deliberating juries to be sequestered except when one of the counts submitted for consideration involves a class A felony or a class B or C violent felony offense. (L 1995, ch 83, § 209.) The question is whether the new amendment affects the defendant’s right to waive mandatory jury sequestration in any case, i.e., a class A felony or a class B or C violent felony offense.
CONCLUSIONS OF LAW
CPL 310.10, as amended by chapter 83 (§ 209) of the Laws of 1995, provides in pertinent part "In any case other than one where the court’s charge includes a count alleging a crime which is a class A felony or a class B violent felony offense or class C violent felony offense as defined in section 70.02 of the penal law, at any time after the jury has been charged or commenced its deliberations, and after notice to the parties and affording such parties an opportunity to be heard on the record outside of the presence of the jury, the court may declare the deliberations to be in recess and may thereupon direct the jury to suspend its deliberations and to separate for a reasonable period of time to be specified by the court, not to exceed twenty- *346 four hours, except that in the case of a Saturday, Sunday or holiday, such separation may extend beyond such twenty-four hour period.”
Under the predecessor statute, once a jury commences deliberations it "must be * * * kept together under the supervision of a court officer or court officers” unless a defendant waives his right to sequestration. (People v Webb, 78 NY2d 335, 339 [1991].) Recognizing that "the need to isolate deliberating jurors to guard against the possibility of outside influence will vary, depending upon the nature, seriousness and notoriety of the case” (supra, at 340), the new statute effectively restricts the mandate of sequestration to class A felonies, class B violent felonies, and class C violent felonies. However, the amendment does not affect the defendant’s ability to waive the sequestration requirement in any case. Because "the requirement that a deliberating jury be sequestered is entirely statutory and reflects no established common-law right of the defendant”, it is well settled that the requirement may be waived by a defendant. (Supra, at 339-340.) Importantly, as evidenced by the recent amendment, this provision allows the court to dispense with sequestration in certain cases even without the consent of the defendant.
Here, sequestration was mandated because one of the charges submitted to the jury was a class C violent felony. Therefore, only the defendant’s waiver could dispense with the requirement of mandatory sequestration. Accordingly, the court accepted the defendant’s waiver and allowed the jury to remain unsupervised and unsequestered once they had suspended their deliberations.