OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 These two appeals by the People involve deviations from the statutory requirements that a deliberating jury be sequestered (CPL 310.10) and that alternate jurors "be kept separate and apart from the regular jurors” once deliberations have begun (CPL 270.30). We conclude that these two statutory violations are unpreserved as a matter of law absent timely objection by defendants.'
 

 People v Agramonte
 

 On the evening of March 3, 1990, defendant and three unapprehended accomplices entered the home of Pasqual Rodriguez, an acquaintance of defendant’s, under the guise of purchasing jewelry. Once inside, they strangled and stabbed Rodriguez to death, repeatedly stabbed Rodriguez’s wife, and stole the couple’s money and jewelry.
 

 During defendant’s trial, after deliberations had commenced, the trial court delivered the following instruction prior to sending the jurors to dinner:
 

 
 *768
 
 Now, I have some special instructions for you as far as what you can do next. I am going to send the 15 of you to eat, and you will be eating together with the Court Officers. So, at this point I want the 12 jurors that are deliberating to stop deliberating. You may not at all discuss during dinner the case at all. Because, firstly, the three alternates will be with you eating and the Court Officers will be with you. Thirdly, there will be people wherever you go to eat, waiter and waitresses. The minute the 12 of you come back to this courthouse after dinner and are put back into the jury room, start to deliberate, the three alternates will be put into another room. Don’t the three of you talk about the case. And have a good dinner.
 

 At no point did defendant object to the court’s announced intention to send the alternate and regular jurors to dinner together. Defendant was ultimately convicted of two counts of murder in the second degree, one count of attempted murder in the second degree, one count of robbery in the first degree and two counts of assault in the first degree.
 

 Relying on our decisions in
 
 People v Santana
 
 (78 NY2d 1027) and
 
 People v Coons
 
 (75 NY2d 796), the Appellate Division deemed the error reviewable as a matter of law despite defendant’s failure to object and reversed the convictions, finding that the trial court had violated CPL 270.30 and 310.10 by allowing the alternate jurors to dine with the regular jurors after deliberations had begun.
 

 People v Rahman
 

 There was testimony at defendant Rahman’s trial that during the early morning hours of December 3, 1987, defendant argued with Tabu Stokes in a nightclub in Brooklyn. About 20 minutes later, defendant fired several shots at Stokes, killing him.
 

 During trial, the court interrupted the jury’s deliberations to send them to dinner and instructed them as follows:
 

 I think it is a good time for dinner. We’re going to send you out for dinner now. You’ll come back and continue your deliberations for awhile after dinner * * * Have a good dinner. Don’t discuss the case, of course, during your dinner. The alternates will join you for dinner.
 

 
 *769
 
 Defendant registered no protest. He was convicted of murder in the second degree and criminal possession of a weapon in the second degree.
 

 The Appellate Division reversed and ordered a new trial. It too found the error reviewable as a matter of law notwithstanding the absence of an objection and concluded that permitting the alternate jurors to dine with the regular jurors after deliberations had commenced violated CPL 270.30 and 310.10.
 

 Analysis
 

 The Criminal Procedure Law provides for mandatory sequestration of a deliberating jury. Under CPL 310.10, jurors "must be continuously kept together under the supervision of a court officer or court officers” once they have retired to deliberate. Such court officers, moreover, "may not speak to or communicate with [the jurors] or permit any other person to do so” except where authorized by the court or when performing administerial duties (CPL 310.10). The Legislature recently amended CPL 310.10, granting the trial court discretion to dispense with sequestration in certain classes of cases
 
 (see,
 
 L 1995, ch 83, § 209).
 

 CPL 270.30 authorizes the selection of alternate jurors who may be substituted for any regular juror unable to continue serving
 
 (see also,
 
 CPL 270.35). Once the jury has retired to deliberate, CPL 270.30 dictates that the court must either discharge the alternate jurors after obtaining the consent of defendant and the People or "direct the alternate jurors not to discuss the case and must further direct that they be kept separate and apart from the regular jurors.”
 

 In the two cases now before us, during deliberations the alternate jurors were sent to dinner with the regular jurors. As the People concede, this breached both the directive in CPL 270.30 that the alternate and regular jurors be kept "separate and apart” and the sequestration requirement of CPL 310.10. Defendants urge that, because these statutory violations have been classified as affecting "the organization of the court or the mode of proceedings prescribed by law”
 
 (People v Patterson,
 
 39 NY2d 288, 295,
 
 affd
 
 432 US 197), reversal of their convictions was appropriate.
 

 As we explained in the seminal
 
 Patterson
 
 case, certain deviations from mandated procedural, structural and process-oriented standards affect "the organization of the court or the mode of proceedings prescribed by law” and present a question
 
 *770
 
 of law even without a timely objection
 
 (People v Patterson,
 
 39 NY2d at 295;
 
 see also, People v Gray,
 
 86 NY2d 10, 21). Only
 
 fundamental
 
 defects in judicial proceedings, however, fall within this very narrow category of so-called "mode of proceedings” errors
 
 (see, People v Patterson,
 
 39 NY2d at 295;
 
 People v Bradner,
 
 107 NY 1, 4-5). Thus, where "the error complained of goes to the essential validity of the proceedings conducted below” such that "the entire trial is irreparably tainted,” it need not be preserved to present a question of law reviewable by this Court
 
 (People v Patterson,
 
 39 NY2d at 295-296;
 
 see, e.g., People v O’Rama,
 
 78 NY2d 270, 280;
 
 People v Ahmed,
 
 66 NY2d 307, 311-312;
 
 People v Anderson,
 
 16 NY2d 282;
 
 Cancemi v People,
 
 18 NY 128, 138).
 

 In
 
 People v Coons
 
 (75 NY2d 796), we concluded that a violation of CPL 310.10 constituted a "mode of proceedings” error, without discussion of the underlying requirement. We subsequently clarified in
 
 People v Webb
 
 (78 NY2d 335, 339), however, that the sequestration requirement does not "entailQ a part of the process * * * essential to the form and conduct of the actual trial.” Indeed, we expressly stated that
 
 "the sequestration provision does not implicate fundamental rights that are an integral part of the trial itself’ (id.)
 
 (emphasis added).
 

 Webb
 
 makes plain that the failure to sequester the deliberating jurors does not constitute a
 
 fundamental
 
 deviation from the proper mode of judicial proceedings. Our holding in that case thus leads to the inescapable conclusion that violations of the sequestration provision do not fall within the "one very narrow exception to the requirement of a timely objection”
 
 (People v Patterson,
 
 39 NY2d at 295).
 

 Nor are violations of CPL 270.30 immune from traditional preservation requirements. In
 
 People v Santana
 
 (163 AD2d 495), the Appellate Division held that it was error to allow the alternate jurors to dine with the 12 regular jurors once deliberations had commenced, in violation of both CPL 270.30 and CPL 310.10, and we affirmed that decision (78 NY2d 1027). In concluding that the error constituted a "mode of proceedings” defect that was reviewable notwithstanding defendant’s failure to object, the Appellate Division relied on our earlier decision in
 
 Coons.
 
 Notably, the lower court decision in
 
 Santana
 
 did not deem violations of CPL 270.30 to constitute independent "mode of proceedings” error. Neither decision, moreover, concluded that that statutory requirement "goes to the essential validity of the proceedings conducted below,” irreparably tainting the entire trial
 
 (People v Patterson,
 
 39 NY2d
 
 *771
 
 at 295-296). Deviations from CPL 270.30 must therefore be preserved to present a question of law. To the extent that our affirmance in
 
 Santana
 
 suggests otherwise, it should no longer be followed.
 

 Inasmuch as the defendants did not register any protest to the errors complained of in these two appeals, they are unpreserved and unreviewable by this Court.
 

 Accordingly, in each case the order of the Appellate Division should be reversed and the case remitted to that court for consideration of the facts pursuant to CPL 470.25 (2) (d) and 470.40 (2) (b).
 

 Judges Simons, Titone, Bellacosa, Smith, Levine and Cipabick concur.
 

 In each case: Order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.