■ In the Matter of ROBERT M. MORGENTHAU, as District Attorney of New York County, Petitioner, v PATRICIA A. WILLIAMS, as Justice of the Supreme Court, Respondent. [646 NYS2d 669] —Application by the petitioner for an order and judgment prohibiting the respondent Justice from (a) accepting without further inquiry any juror's claim that he or she could not serve if overnight sequestration of the jury should become necessary, (b) finding any waiver of the provisions of CPL 310.10 in the absence of an affirmative and express waiver on the record by

each of their attorneys in the presence of and without the objection of the criminal defendants, (c) refusing to sequester any jury in the criminal proceeding in the absence of such affirmative and express waiver, and (d) refusing to obey the provisions of CPL 310.10 with respect to conditions of jury deliberations, is granted, on the law, the facts, and in the exercise of discretion, and the cross-motion by the respondent Justice to dismiss the petition denied, without costs or disbursements.

Pending before the respondent Justice is the criminal matter of *People v Robinson and Mojica* (Sup Ct, NY County, indictment No. 6710/95). Jury selection and trial were stayed by this Court on May 6, 1996, pending the determination of the instant special proceeding. The defendants are charged with felonies relating to an armed robbery and the highest count against each defendant is robbery in the first degree, a class B violent felony. A mistrial was previously declared prior to the empanelment of an entire jury. Thereafter, the respondent asked each defendant if he were willing to waive sequestration during deliberations. Both indicated that they would not waive sequestration, and the respondent ruled that she would *imply* waiver if either defendant failed to obtain the removal of any juror who answered "yes" to question "number 12" asked of the jurors, i.e., "Is there any reason why you could not serve during an evening in which jury sequestration might become necessary? Or why you could not spend a night at a hotel if overnight sequestration of the jury should become necessary?" The Assistant District Attorney, who was assigned as trial prosecutor, then asked the court if there would be inquiry of those prospective jurors who answered number 12 affirmatively for the purpose of ascertaining the "nature of the problem." The respondent refused any further inquiry, concluding that she did not think that mandatory sequestration was, in fact, constitutional since it discriminates against women. "Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers (*Matter of Rush v Mordue*, 68 NY2d 348, 352; *Matter of Steingut v Gold*, 42 NY2d 311, 315; *Matter of Dondi v Jones*, 40 NY2d 8, 13). The inquiry is not limited to whether the court has subject matter jurisdiction over the proceeding; 'prohibition is [also] available * * * to prevent a court from exceeding its authorized powers in a proceeding over which it has jurisdiction' (*La Rocca v Lane*, 37 NY2d 575, 578-579, *cert denied* 424 US 968; *see also, Matter of Proskin v County Ct.*, 30 NY2d 15,

18; *see generally*, Comment, *Writ of Prohibition in New York— Attempt to Circumscribe an Elusive Concept*, 50 St John's L Rev 76, 76-84; Wolfram, *'Ancient and Just' Writ of Prohibition in New York*, 52 Colum L Rev 334, 338-353). Thus, we have entertained prohibition to determine whether the court had exceeded its undoubted powers to control the conduct of counsel in the courtroom (*see, La Rocca v Lane, supra*) or to rule upon the sufficiency of Grand Jury evidence (*Matter of Proskin v County Ct., supra*)." (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569.)

With these principles in mind, it is evident that prohibition can and should be employed in this matter to prevent the court from " 'exceeding its authorized powers in a proceeding over which it has jurisdiction' " (*supra*, at 569).

While the Criminal Procedure Law has recently been amended to permit some discretion with respect to sequestration, this is with respect to criminal prosecutions *other* than those including a count alleging a class A, B violent or C violent felony (*see*, L 1995, ch 83, § 209). Therefore, when a defendant is charged with a class B violent felony, as are the defendants herein, the court has no discretion other than to order the mandatory sequestration required by CPL 310.10. The failure of the court to proceed in accordance with that section mandates reversal of a defendant's conviction (*People v Coons*, 75 NY2d 796, 797). While sequestration does not constitute a "fundamental" right of a criminal defendant (*People v Agramonte*, 87 NY2d 765, 770), the Criminal Procedure Law requires sequestration of a deliberating jury in cases involving counts such as those herein. The only exception to this rule appears to be when the criminal defendant expressly and affirmatively waives sequestration (*People v Bello*, 82 NY2d 862).

As detailed above, the respondent Justice has rejected the refusal of the defendants to waive sequestration. By concluding that she will not go beyond the statement of any juror that he or she could not serve if sequestration becomes necessary, the respondent has effectively ignored the mandate of the law, to wit, apply sequestration pursuant to CPL 310.10 regardless of an unparticularized objection by a juror. She has also declared that she will deny any challenge for cause made against any such prospective juror *but* if any such juror ultimately remained on the jury she will *not* sequester the jury. The dissent's analysis fails to take into consideration that under the court's procedure, both sides would be compelled to use up their preemptory challenges when challenges for cause would otherwise apply. Thus, the People might end up with a jury

not of their choosing and an acquittal is not reviewable. It is clear that in so ruling, respondent Justice has acted or threatened to act without jurisdiction and in excess of her authorized powers. Concur—Sullivan, J. P., Rubin, Kupferman and Nardelli, JJ.

Ellerin, J., dissents in a memorandum as follows: The extraordinary remedy of prohibition should be reserved for matters in which it is required to restrain an unwarranted assumption of jurisdiction or to prevent a court from exceeding its authorized powers in a proceeding over which it has jurisdiction (CPLR 7803 [2]). Thus, the courts will decline to invoke the remedy to provide interlocutory review in criminal cases except in the most extraordinary situations involving the "unlawful use or abuse of the entire action or proceeding", such as where the court is about to subject a defendant to double jeopardy (*Matter of State of New York v King*, 36 NY2d 59, 64). Certainly, the alleged commission of trial error potentially warranting reversal on appeal has been consistently rejected as a basis for prohibition (*La Rocca v Lane*, 37 NY2d 575, 579, *cert denied* 424 US 968 ["(t)he extraordinary remedy of prohibition is never available merely to correct or prevent trial errors of substantive law or procedure, however grievous"]).

This case certainly presents no basis for prohibition. Since we have been asked to intervene well before any error has had a chance to take place, it is not entirely clear what prospective error we are reviewing. At most, when questioned by the prosecutor, Justice Williams indicated that it was her intention to take prospective jurors at their word when they say they cannot be sequestered, that she would not, herself, question their reasons, and that she would not allow challenges for cause based on a juror's inability to be sequestered. I find no indication on this record that Justice Williams intended to prohibit either of the attorneys from questioning prospective jurors as to this issue.* She also indicated that she would consider a defense counsel's acceptance of a juror who could not be sequestered as a waiver of sequestration.

---

* CPL 270.15 (1) requires at the outset of a trial that:

"(b) The court shall initiate the examination of prospective jurors by identifying the parties and their respective counsel and briefly outlining the nature of [the] case to all the prospective jurors. The court shall then put to the members of the panel who have been sworn pursuant to this subdivision and to any prospective jurors subsequently sworn, questions affecting their qualifications to serve as jurors in the action.

"(c) The court shall permit both parties, commencing with the people, to examine the prospective jurors, individually or collectively, regarding their qualifications to serve as jurors. Each party shall be afforded a fair op-

Clearly, these errors, if they are indeed errors, are not reviewable on a writ of prohibition, but would be trial errors reviewable on appeal. While even a trial error affecting a fundamental right is not generally reviewable on prohibition, the Court of Appeals has held that the right to jury sequestration is not a fundamental right (*People v Agramonte*, 87 NY2d 765). Moreover, there is no doubt that it is a right which is waivable by the defense (*People v Bello*, 82 NY2d 862), and the question of whether it can be waived by implication is hardly settled law. Indeed, it appears to be, at the appellate level, a matter of first impression.

It should be noted, moreover, that the basis of the majority's grant of an interlocutory appeal to the prosecution here is not because the prosecution itself claims to be aggrieved, but because it argues that the defendants may, if an error occurs and if the defendants are convicted and if the defendants appeal and if the reviewing court agrees that it was reversible error, be able to obtain a reversal and the prosecution would have to retry them. Without denigrating the significant burden that this course of events would impose upon the prosecution, it has nevertheless been consistently held that the desirability of immediate review by extraordinary writ is outweighed by the delays which would be caused by the disruption of criminal trials (*Matter of Veloz v Rothwax*, 65 NY2d 902; *Matter of State of New York v King, supra,* at 65). The availability of an appeal or other proceeding to correct an alleged error is an important factor in rejecting prohibition, not a rationale for granting it (*La Rocca v Lane, supra,* at 579 ["(t)he orderly administration of justice requires that correction of litigation errors merely be left to the ordinary channels of appeal or review"]). This is so even when it is the defendant who seeks prohibition and his or her argument is not only that he or she would, if the error occurred, have to go through a second trial, but that he or she would be subject to incarceration under a wrongfully obtained conviction (*Matter of Veloz v Rothwax, supra*). The granting of prohibition in the instant situation thus creates an extraordinary precedent which would encourage both sides to seek such interlocutory review any time there appears to be a possibility that the trial court's actions may result in a reversal on a potential appeal by the defendant. It will also mean that this Court will be reviewing such alleged errors, as we are doing here, not only in an inappropriate procedural context but also on woefully inadequate records.

---

portunity to question the prospective jurors as to any unexplored matter affecting their qualifications."

Under these circumstances, the petition should be denied, and the proceeding dismissed.