■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHID RAHMAN, Appellant. [648 NYS2d 445] —Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Corriero, J), rendered September 19, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated August 17, 1992, which denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment. By decision and order of this Court dated October 17, 1994, the judgment of conviction was reversed, on the law, a new trial was ordered and the appeal from the order was dismissed as academic (*see, People v Rahman,* 208 AD2d 775). By decision and order dated April 2, 1996, the Court of Appeals reversed the decision and order of this Court and remitted the matter to this Court for further proceedings (*see, People v Rahman,* 87 NY2d 765, 768).

Ordered that the judgment is affirmed; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on the defendant's motion pursuant CPL 440.10 to vacate his judgment of conviction on the ground that the People did not fulfill their obligation to locate an informant-witness who is under their control, and the appeal from the order dated August 17, 1992, is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

It is the defendant's contention that his conviction must be reversed because the trial court breached both the directive in CPL 270.30 (1) that the alternate and regular jurors be kept "separate and apart", and the sequestration requirement of CPL 310.10. The defendant's challenge to this error, is unpreserved for appellate review as a matter of law (*see, People v Rahman,* 87 NY2d 765, 768, *supra*), and we decline to reach the issue in the exercise of our interest of justice jurisdiction (CPL 470.15 [5], [6]).

The defendant further contends that the Supreme Court erred in denying his motion pursuant to CPL 440.10 to vacate his judgment of conviction on the ground that the People failed to produce an eyewitness informant in violation of *Brady v Maryland* (373 US 83). The trial court, at the defendant's request, directed the prosecutor to try to locate an eyewitness

who could give potentially exculpatory testimony. The prosecutor indicated that the witness was unavailable. However, the defendant's papers submitted in support of his 440 motion raise a factual question as to whether or not the People were sufficiently diligent in meeting their obligations in that respect since it is averred that it has been discovered that at the time of the trial the witness had two pending Kings County indictments; that on April 18, 1989, four months prior to defendant's trial, the witness had entered into a "cooperation agreement" with the Kings County District Attorney's Office to testify in a murder case unrelated to the instant case or his own pending cases; on April 27, 1989 he testified at that murder trial; on June 23, 1989, he appeared in court and pleaded guilty on a Kings County indictment; and on October 15, 1989, he appeared for sentencing on his pending cases and received a sentence of one day in jail and probation, allegedly as a reward for cooperating with the District Attorney's Office (*see, People v Jenkins,* 41 NY2d 307, 311; *People v Budd,* 46 NY2d 930). The defendant also alleged that the witness was originally set to be sentenced on September 7, 1989, nine days after the defendant's trial ended and that the prosecution was aware of this. Therefore, under the particular circumstances of this case, it was error for the Supreme Court to make its findings without directing a hearing, notwithstanding the parties' failure to insist upon such (*see, People v Rahman,* 155 Misc 2d 60). Accordingly, the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith. Bracken, J. P., Santucci, Goldstein and Florio, JJ., concur.