■ The People of the State of New York, Respondent, v Randall V. Moore, Appellant. [650 NYS2d 332] —Mikoll, J. P. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered August 11, 1994, upon a verdict convicting defendant of the crimes of attempted murder in the first degree, assault in the second degree and coercion in the first degree.

The primary issue presented on this appeal is whether defendant waived his right to appeal from an alleged error that occurred when the sequestered jury was supervised by two Deputy Sheriffs who testified at the trial; defense counsel not only refused the offer of a mistrial but formulated and accepted the curative procedures implemented by County Court. We find there was a waiver. Accordingly, the judgment of conviction should be affirmed.

On October 30, 1993 two Deputy Sheriffs, John Ayers and Alan Bennett, arrived at 1753 Peckham Road in the Town of Binghamton, Broome County, in response to a "911 hang-up" call and heard Wilma Moore shouting, "He's got a gun * * * he's going to kill me." Ayers assisted Moore out of the house and Bennett confronted defendant, who was in a hallway with a rifle aimed at Bennett's head. While struggling to disarm defendant, Bennett was shot in the thigh. After defendant was placed in custody, he kicked out the rear window of a patrol car and threatened to kill the Deputies. At the County Jail he continued to threaten the jail staff and shouted several times "I shot me a pig" and that he "wished that he had killed that f-- -- --ing cop".

Defendant was subsequently tried on charges of attempted murder in the first degree, assault in the second degree and co-

ercion in the first degree. During deliberations the jury announced to County Court that it was deadlocked on the first charge, eight for not guilty, three for guilty and one undecided. County Court ordered that the jury be sequestered for the night.

On the following morning, the jury informed County Court in a note that the jury had been supervised during sequestration by two Deputy Sheriffs, Ron Castellano and Charles Lawrence, who had escorted defendant from the patrol car into the jail. The two Deputies had testified for the prosecution as to their observations of defendant at the jail and as to his threatening statements and admissions. County Court learned that Lawrence had sat at a breakfast table with some of the jurors and engaged them in conversation, and that some jurors heard another officer at another table mention the word Bennett but nothing else. At a subsequent conference in chambers, defense counsel refused the court's offer of a mistrial unless it was granted with prejudice. County Court refused this counteroffer.

County Court informed counsel that the jury should be queried to determine the affect of the presence of the Deputies. After discussion, defense counsel outlined the procedures he wanted followed; the suggestions were accepted by the court. The procedures were carried out and one juror explained in camera that he had formed an opinion of Lawrence as a human being and found him to be a "very nice young man". The juror also said that he did not place any particular value on Lawrence's testimony and believed that he could continue to judge the case impartially. Defense counsel then stated that he did not object to proceeding with jury deliberations. The jury resumed deliberating and returned a verdict of guilty as to all charges.

Defense counsel's motion to set aside the verdict pursuant to CPL 330.30 was denied. County Court held that defense counsel waived his right to contest this issue and that the two witnesses who testified were not key witnesses under *Turner v Louisiana* (379 US 466) and ensuing case law. County Court then sentenced defendant to concurrent prison terms of 15 years to life on the attempted murder conviction and 1 to 4 years on the coercion conviction. The court deemed the charge of assault in the second degree to be a fully included lesser offense and imposed a conditional discharge as to that charge.

Defendant correctly argues that the supervision of the sequestered jury was error affecting the organization of the court or the mode of proceedings prescribed by law and, thus,

preservation by objection in the trial court was not required (*see, People v Ahmed*, 66 NY2d 307, 310; *People v Patterson*, 39 NY2d 288, 295, *affd* 432 US 197; *see also*, CPL 470.05 [2]). However, "[w]aiver and preservation are separate concepts * * * although they are often 'inextricably intertwined' " (*People v Ahmed, supra*, at 311, quoting *People v Michael*, 48 NY2d 1, 5, n 1 [citation omitted]). Accordingly, even though the error may be reviewed in the absence of a timely objection, defendant's actions constituted an affirmative waiver of his right to appeal the issue of juror supervision (*see, e.g., People v Webb*, 78 NY2d 335). In *People v Webb* (*supra*), the Court of Appeals opined that the sequestration requirement does not entail a right of the defendant that is so essential to the trial proceeding that it may never be waived and permitted sequestered jurors to return overnight to their homes with proper instructions and the agreement of counsel. Defendant's reliance on *People v Santana* (163 AD2d 495, *affd* 78 NY2d 1027) is misplaced. The ruling there was based on the issue of preservation only and waiver was not before the court.

Moreover, County Court, in deciding defendant's CPL 330.30 motion, correctly concluded that in refusing the offer of a mistrial and in formulating and accepting the curative procedures, no remedy was available because defendant was, in essence, improperly seeking to delay a ruling on the mistrial motion until after the trial was concluded (*see, People v Collins*, 72 AD2d 431, 436-437). This procedure would wrongly give defendant a chance for acquittal with a guarantee of a new trial in case he was convicted (*see, supra*). Accordingly, defendant has waived his right to appellate review of the juror supervision issue.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.