■ The People of the State of New York, Respondent, v Theodore M. Pochily, Appellant. [680 NYS2d 695] —Graffeo, J. Appeal from a judgment of the County Court of Schoharie County (Lamont, J.), entered July 13, 1994, upon a verdict convicting defendant of the crimes of sodomy in the first degree (two counts) and endangering the welfare of a child (two counts).

In February 1993, defendant's stepdaughter reported to her school nurse that defendant had committed sexual acts with her and her nine-year-old brother. The State Police conducted an investigation which led to defendant's arrest and indictment for two counts each of sodomy in the first degree, sexual abuse in the first degree, endangering the welfare of a child and tampering with a witness. Following a jury trial, defendant was convicted of two counts of sodomy in the first degree and two counts of endangering the welfare of a child, and sentenced to an indeterminate term of imprisonment of 5 to 15 years for each count of sodomy and a definite term of one year on each count of endangering the welfare of a child, all terms to run concurrently.

Defendant appeals, first contending that his right to be present at sidebar discussions with potential jurors was violated. A criminal defendant has the right to be personally present during sidebar discussions with prospective jurors which relate to potential bias or predisposition (see, People v Sprowal, 84 NY2d 113, 117; People v Antommarchi, 80 NY2d 247, 250). However, this right is statutory rather than constitutional and, as such,

may be waived by a voluntary, knowing and intelligent choice (*see, People v Vargas*, 88 NY2d 363, 375-376; *cf., People v Spotford*, 85 NY2d 593, 598; *People v Bello*, 82 NY2d 862). Here, prior to conducting sidebar conferences with prospective jurors, County Court obtained a waiver of defendant's right to be present from defendant's counsel. Since defendant was present and adequately represented by counsel, the court's inquiry and counsel's unequivocal waiver was valid (*cf., People v Spotford, supra*, at 598; *People v Bello, supra*, at 863; *People v Underwood*, 201 AD2d 597, 597-598).

Defendant also asserts that County Court's preliminary examination of the child victims in the presence of the jury and the subsequent readback of this testimony was reversible error. We disagree. It was not error for the court to conduct the voir dire of child witnesses in the presence of the jury (*see, People v Peters*, 242 AD2d 930, *lv denied sub nom. People v Scott*, 91 NY2d 896). Additionally, the court's decision to allow the voir dire examinations to be read back to the jury did not impermissibly bolster the witnesses' credibility (*cf., id.*, at 931). The testimony merely consisted of the victims' understanding of the meaning of an oath (*see*, CPL 60.20 [2]; *People v Wilcox*, 185 AD2d 676, *lv denied* 80 NY2d 977) and the court specifically instructed the jury that the preliminary examination of the victims was not evidence.

We further find unavailing defendant's claim that County Court's charge on reasonable doubt was erroneous. The court charged the jury, in relevant part, that: "doubt * * * to be a reasonable doubt, must be a doubt for which some reason can be given. The doubt, to be a reasonable doubt, must therefore arise because of the nature and quality of the evidence in the case or from the lack or the insufficiency of the evidence in this case. The doubt, to be a reasonable doubt, should be one which a reasonable person, acting in a matter of this importance, would be likely to entertain because of the evidence or because of the lack of it or insufficiency of the evidence in this case." The "reasonable doubt" standard is incapable of precise definition and, therefore, the court's charge, which was almost identical to 1 CJI(NY) 6.20 and stated that a reasonable doubt is one for which some reason can be given, was proper and did not impermissibly shift the burden of proof (*see, People v Antommarchi*, 80 NY2d 247, 251-252, *supra*; *People v Malloy*, 55 NY2d 296, *cert denied* 459 US 847; *People v Barrows*, 251 AD2d 711, *lv denied* 92 NY2d 878; 1 CJI[NY] 6.20, at 248-250).

We have considered the remainder of defendant's contentions and find them to be without merit.

Mercure, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.