■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD C. TUBBS, Appellant. [981 NYS2d 830]—

Lahtinen, J.

Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered December 2, 2011, upon a verdict convicting defendant of the crime of rape in the third degree.

Defendant, who was then 24 years old, allegedly had sexual intercourse with a then 15-year-old female in December 2009,

February 2010 and March 2010. He was indicted on three counts of rape in the third degree. A jury found him guilty of the first count arising from the December 2009 incident, but acquitted him of the other two counts. Defendant's CPL article 330 motion to set aside the verdict upon the ground of, among other things, juror misconduct was denied following a hearing. County Court sentenced him to eight months in jail. Defendant now appeals.

We consider first defendant's arguments that the verdict was not supported by legally sufficient evidence and that it was against the weight of the evidence. "In evaluating the legal sufficiency of the evidence, we view it in a light most favorable to the People and will not disturb a verdict as long as there is a 'valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury' " (*People v Blond*, 96 AD3d 1149, 1151 [2012], *lv denied* 19 NY3d 1101 [2012], quoting *People v Bleakley*, 69 NY2d 490, 495 [1987]). The ages of defendant and the victim were established, and the victim testified regarding her relationship with defendant, including having sexual intercourse with him in his bedroom at the home where he resided during the evening of December 5, 2009 when several friends were in the home for a party. Two party attendees testified to accidentally walking in on defendant and the victim while they were engaged in sexual intercourse in his bedroom that evening. The proof was legally sufficient.

In our weight of the evidence review, we "must, like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]). Defendant produced several witnesses, mostly family members, who stated that he had left the party before the time when the victim claimed that the sexual intercourse had occurred. His witnesses challenged other aspects of the People's proof, including whether the two individuals who testified that they had observed the sexual activity were actually at the party on the evening in question. Where, as here, credibility issues are presented, "deference is accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Romero*, 7 NY3d 633, 644 [2006] [internal quotation marks and citation omitted]). After reviewing the proof in the record and finding no reason to disregard the jury's credibility determinations, we are unpersuaded that the verdict was against the weight of the evidence.

Defendant contends that County Court gave an improper definition of reasonable doubt. The focus of defendant's argument appears to be comments by the court during voir dire. However, when read in context, those comments were directed at informing potential jurors that the standard was not one of absolute certainty and ensuring that, if selected, they would follow the court's instructions on reasonable doubt. The charge eventually given, without objection from counsel, provided in pertinent part: "A reasonable doubt is an actual doubt. In other words, you know you have a doubt. You don't have to look for it. You know you have a doubt that you're conscious of having after going over the entire case in your minds. . . . It is such a doubt as a reasonable person would entertain after careful and honest review and consideration of all of the evidence or lack of the evidence. Since it is a reasonable doubt, it is a doubt for which a reason could be given." This adequately explained the concept to the jury (*see People v Antommarchi*, 80 NY2d 247, 251-252 [1992]; *People v Pochily*, 255 AD2d 695, 696 [1998], *lv denied* 93 NY2d 856 [1999]; *see also* CJI2d[NY] Reasonable Doubt).

The record does not establish that defendant's statutory right to be present at all material stages of the trial was violated during jury selection (*see* CPL 260.20; *People v Antommarchi*, 80 NY2d at 250). "Although the right to be present at sidebar questioning need not be preserved by objection, a defendant alleging an *Antommarchi* violation must nevertheless present an adequate record for appellate review" (*People v Velasquez*, 1 NY3d 44, 47-48 [2003] [citations omitted]; *see People v Abdullah*, 28 AD3d 940, 941 [2006], *lvs denied* 7 NY3d 784 [2006]). The interview of jurors in the robing room was put on the record and defendant was present for such questioning. Defendant asserts that his right was violated when, immediately after a lunch recess, a sidebar conversation occurred between the attorneys and County Court at which the court stated that defendant's presence was not necessary. However, there is nothing in the record indicating that this conversation implicated in any fashion a matter where his "presence could have [had] 'a substantial effect on [his] ability to defend against the charges' " (*People v Velasquez*, 1 NY3d at 47, quoting *People v Sloan*, 79 NY2d 386, 392 [1992]; *see People v Roman*, 88 NY2d 18, 25-27 [1996]).

Defendant failed to preserve for our review by a proper objection at trial his allegations that County Court gave an instruction during voir dire regarding his right not to testify despite no request for the instruction at that time (*see People v Mendez*, 71 AD3d 696, 696 [2010], *lv denied* 15 NY3d 753 [2010]), that the

court's instructions as to juror note-taking were inadequate (*see People v Dexheimer*, 214 AD2d 898, 902 [1995], *lv denied* 86 NY2d 872 [1995]), that the court failed to repeat its admonishments to the jury at all recesses (*see People v Williams*, 46 AD3d 585, 585 [2007], *lv denied* 10 NY3d 772 [2008]), and that the prosecutor made an incorrect statement of law during closing (*see People v Molano*, 70 AD3d 1172, 1176 [2010], *lv denied* 15 NY3d 776 [2010]). We find no reason to exercise our interest of justice jurisdiction as to these issues.

After the trial and before sentencing, defendant moved pursuant to CPL 330.30 (2) to set aside the verdict asserting, among other things, that juror No. 12 had looked up the term "reasonable doubt" on the Internet, discerned a less demanding definition and shared such definition during deliberations. "A motion to set aside a verdict under CPL 330.30 (2) may be granted where it is shown that improper conduct by a juror prejudiced a substantial right of the defendant" (*People v Gonzales*, 228 AD2d 722, 722 [1996], *lv denied* 88 NY2d 1021 [1996]; *see People v Irizarry*, 83 NY2d 557, 561 [1994]; *People v Clark*, 81 NY2d 913, 914 [1993]). The trial court is "vested with discretion" in deciding the motion, and its factual findings—including credibility determinations—typically are upheld "if they are supported by evidence in the record" (*People v Rodriguez*, 100 NY2d 30, 35 [2003]; *see People v Wilson*, 93 AD3d 483, 485 [2012], *lv denied* 19 NY3d 978 [2012]; *People v Douglas*, 57 AD3d 1105, 1106 [2008], *lv denied* 12 NY3d 783 [2009]).

County Court held a hearing on the motion and one juror testified in a manner essentially consistent with defendant's contentions. However, other jurors testified that, although juror No. 12 had a piece of paper to which she briefly referred one time, the paper was not passed around and it had no impact on deliberations. Six more jurors were ready to testify, but did not do so after defendant acknowledged that they all were prepared to state that the piece of paper did not affect deliberations. Juror No. 12 testified about the minimal use, made solely for her own benefit, of the Internet definition.* County Court determined that the juror who recalled that juror No. 12's note played an important role in deliberations lacked credibility, and the court found that the outside definition did not affect any other juror. Deferring to the court's credibility determination,

---

* She produced the paper at the hearing and, although not included in the record, it was received as an exhibit and was described by County Court in its decision as a four-by-six-inch piece of paper with "Beyond a reasonable doubt" written on top, and underneath was written: "There could be no reasonable doubt, in the mind of a reasonable person, that the Defendant is guilty."

its finding that the note had no impact is supported by the record.

The remaining arguments have been considered and are unavailing.

Peters, P.J., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.