■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMIE LEE EVANS, Appellant. [872 NYS2d 840]—

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered January 12, 2005. The judgment convicted defendant, upon a jury verdict, of, inter alia, aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]) and reckless driving (§ 1212). Defendant presented evidence after County Court denied that part of his motion for a trial order of dismissal with respect to the count of reckless driving at the close of the People's case and thus failed to preserve for our review his challenge to the legal sufficiency of the evidence in support of that conviction (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]). Although the challenge by defendant to the legal sufficiency of the evidence with respect to the conviction of aggravated unlicensed operation of a motor vehicle is preserved for our review (see People v Payne, 3 NY3d 266, 273 [2004], rearg denied 3 NY3d 767 [2004]), we conclude that defendant's challenge is without merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).

Defendant failed to preserve for our review his contention

that the admission of an exhibit containing documents prepared by the Department of Motor Vehicles (DMV) violated his right of confrontation (*see People v Bolling*, 49 AD3d 1330, 1331 [2008]; *see generally Crawford v Washington*, 541 US 36 [2004]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We note that "[t]he fact that defendant's trial occurred before the decision of the United States Supreme Court in *Crawford* . . . has no bearing on the preservation requirement" (*People v Rivera*, 33 AD3d 450, 451 [2006], *lv denied* 7 NY3d 928 [2006]). We reject defendant's further contention that the DMV documents were not admissible as business records, inasmuch as a DMV investigator testified that the exhibit containing those documents was generated and maintained in the regular course of business (*see* CPLR 4518 [a]). The objection by defendant to the admission of that exhibit did not encompass his present contention that some of the documents were not business records because they were not prepared at the time of mailing. Thus, that contention is not preserved for our review (*see generally People v Balls*, 69 NY2d 641 [1986]). In addition, defendant failed to preserve for our review his contention that there was an insufficient foundation for the testimony of a New York State Trooper concerning the speed at which defendant's vehicle was traveling, as demonstrated by a radar instrument, inasmuch as defendant failed to object to that testimony. We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's further contention, "[d]efense counsel's failure to timely facilitate defendant's intention to testify before the Grand Jury does not, per se, amount to a denial of effective assistance of counsel under the circumstance of this case" (*People v Wiggins*, 89 NY2d 872, 873 [1996]). We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.