# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

358

KA 08-00631

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

HARRELL BONNER, ALSO KNOWN AS DAMIEN PROPHET,
ALSO KNOWN AS PETE WALLER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THOMAS E. ANDRUSCHAT, EAST AURORA, FOR DEFENDANT-APPELLANT.

HARRELL BONNER, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS TEXIDO OF
COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Michael L.
D'Amico, J.), rendered January 28, 2008.  The judgment convicted
defendant, upon a jury verdict, of promoting prostitution in the
second degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  In appeal No. 1, defendant appeals from a judgment
convicting him following a jury trial of promoting prostitution in the
second degree (Penal Law § 230.30 [1]) and assault in the second
degree (§ 120.05 [2]).  In appeal No. 2, defendant appeals from a
judgment convicting him, following the same jury trial, of three
counts of murder in the second degree (§ 125.25 [1], [3]).  We reject
defendant's contention that County Court erred in denying his motion
to sever the two murder counts relating to one victim from the
remaining murder count relating to the second victim.  Even assuming,
arguendo, that those counts were not properly joinable pursuant to CPL
200.20 (2) (b), we nevertheless conclude that the offenses were
properly joinable given that they "are defined by the same or similar
statutory provisions and consequently are the same or similar in law"
(CPL 200.20 [2] [c]; *see People v June*, 30 AD3d 1016, 1017, *lv denied*
7 NY3d 813, 868).  We further conclude that the court did not abuse
its discretion in denying defendant's motion for severance with
respect to the murder counts "in the interest of justice and for good
cause shown" (CPL 200.20 [3]; *see People v Mahboubian*, 74 NY2d 174,
183).  There was not a "substantial difference in the quantum of proof
presented with respect to the separate" murders (*People v McDougald*,
155 AD2d 867, *lv denied* 75 NY2d 870; *see* CPL 200.20 [3] [a]), and

defendant did not demonstrate that he had a "genuine need to refrain" from testifying with respect to one of the murders (CPL 200.20 [3] [b]).  Although defendant contends that the court also erred in consolidating the two indictments for trial, that contention is unpreserved for our review (see CPL 470.05 [2]), and it lacks merit in any event.

We reject defendant's further contention that he was deprived of a fair trial by the court's *Molineux* ruling.  The *Molineux* evidence admitted at trial was relevant to establish defendant's motive for beating and killing the victims, and to establish defendant's modus operandi and common scheme of using physical abuse to instill fear and obedience in the prostitutes who worked for him (see *People v Molineux*, 168 NY 264, 293-294).  We further conclude that the court did not abuse its discretion in determining that the probative value of the evidence outweighed its potential for prejudice (see *People v Alvino*, 71 NY2d 233, 242).  Defendant failed to preserve for our review his challenge to the court's *Sandoval* ruling (see *People v Caswell*, 49 AD3d 1257, 1258, *lv denied* 11 NY3d 735, 740; *People v Hawkes*, 39 AD3d 1209, 1211, *lv denied* 9 NY3d 844, 845) and, in any event, his challenge is without merit.

Defendant further contends that the court violated his right to confront witnesses against him by allowing the Deputy Chief Medical Examiner of Erie County to testify as to the cause of death of one of the victims even though she did not perform the autopsy on that victim.  According to defendant, he should have been allowed to confront the individual who performed the autopsy.  Defendant failed to preserve that contention for our review (see *People v Evans*, 59 AD3d 1127, 1127-1128, *lv denied* 12 NY3d 815).  We note in any event that any error in the admission of the testimony is harmless (see generally *People v Crimmins*, 36 NY2d 230, 237), particularly in view of the absence of prejudice suffered by defendant as a result of the admission of that testimony (see generally *People v Bryant*, 27 AD3d 1124, 1125-1126, *lv denied* 7 NY3d 753).  In light of the brutal and sadistic nature of defendant's crimes and his utter lack of remorse, we reject his challenges to the severity of the sentences imposed.

Finally, we have reviewed defendant's contentions raised in his pro se supplemental brief and conclude that they lack merit.

Entered:  April 27, 2012                    Frances E. Cafarell
                                            Clerk of the Court