# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**713**

**KA 10-00358**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

OLE PETTERSEN, DEFENDANT-APPELLANT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (DANIEL J. JAWOR OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered May 27, 2009. The judgment convicted defendant, upon a jury verdict, of offering a false instrument for filing in the first degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the amount of restitution ordered and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of three counts of offering a false instrument for filing in the first degree (Penal Law § 175.35 [1]) and ordering him to pay restitution in the amount of $675,984. Defendant's conviction stems from allegations of fraudulent Medicaid billing relating to his operation of a substance abuse and methadone treatment facility. Specifically, defendant charged certain clients for counseling services in such a way that the services could be billed at a higher rate.

We reject defendant's contention that County Court's failure to charge the jury on mistake of law deprived him of a fair trial. The mistake of law defense set forth in Penal Law § 15.20 (2) (a) relieves a person of criminal liability if he or she engaged in such conduct in reliance upon an official statement of the law contained in a statute or other enactment. Defendant contends that evidence demonstrating his good faith misunderstanding of complex billing regulations warranted a mistake of law charge. In *People v Marrero* (69 NY2d 382, 387), the Court of Appeals noted that the mistake of law defense "was intended to be a very narrow escape valve," and that it applies only where "an individual demonstrates an effort to learn what the law is, relies on the validity of that law and, later, it is determined that there was *a mistake in the law itself*" (*id.* at 390). That is not the case here. In any event, we note that the court properly instructed

the jury on the issue of specific intent, thereby allowing the jury to consider whether defendant's good-faith belief that his billing practice was legal prevented him from forming a specific intent to defraud.

Defendant further failed to demonstrate that he relied on an official statement. Contrary to defendant's contention, we conclude that Penal Law § 15.20 (2) (d) does not apply in this case. Penal Law § 15.20 (2) (d) relieves a person of criminal liability if he or she engaged in such conduct in reliance upon "an interpretation of the statute or law relating to the offense, officially made or issued by a public servant, agency or body legally charged or empowered with the responsibility or privilege of administering, enforcing or interpreting such statute or law." No government official issued a statement authorizing the conduct in question and, indeed, defendant was warned by governmental officials that his conduct was improper (see id.; see also Marrero, 69 NY2d at 385-386).

We further conclude that the court did not err in denying defendant's request for a circumstantial evidence charge inasmuch as the People presented both direct and circumstantial evidence (see People v Smith, 90 AD3d 1565, 1566, lv denied 18 NY3d 998; People v Stanford, 87 AD3d 1367, 1369, lv denied 18 NY3d 886). Contrary to defendant's contention, the fact that the element of intent was established solely through circumstantial evidence did not require the court to give a circumstantial evidence charge (see People v Saxton, 75 AD3d 755, 758, lv denied 15 NY3d 924).

We reject defendant's contention that the verdict is against the weight of the evidence with respect to his intent to defraud (see Penal Law § 175.35). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495).

As defendant correctly concedes, by failing to object to the prosecutor's remarks on summation, defendant failed to preserve for our review his contention that prosecutorial misconduct denied him a fair trial (see People v Johnson, 121 AD3d 1578, 1579; People v King, 53 AD3d 1105, 1105, lv denied 11 NY3d 790). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

We agree with defendant, however, that the People failed to meet their burden of establishing the amount of restitution to be paid by defendant. At the restitution hearing held pursuant to Penal Law § 60.27 (2), the People had the burden of proving "the amount of defendant's gain from the commission of the offense[s] . . . based upon a preponderance of the evidence" (CPL 400.30 [4]; see People v Consalvo, 89 NY2d 140, 145). An auditor for the Attorney General testified at the hearing that, based on her review of the records of 52 clients, defendant owed restitution in the amount of $675,984. Those client records, however, were not admitted in evidence at the restitution hearing. Moreover, the People did not seek to incorporate

any of the trial testimony to support the restitution claim, nor did they offer any evidence other than the auditor's testimony and two spreadsheets summarizing her findings based on the client records. Without the admission in evidence of the client records, the auditor's testimony regarding defendant's gain was conclusory and lacked a proper evidentiary basis (*see People v Wilson*, 59 AD3d 807, 808-809; *see also People v Pugliese*, 113 AD3d 1112, 1113, *lv denied* 23 NY3d 1066).  We therefore modify the order by vacating the amount of restitution ordered.  In view of our determination, we do not address defendant's remaining contentions regarding restitution.

Entered:  July 10, 2015                          Frances E. Cafarell
                                                 Clerk of the Court