People v Hill (2022 NY Slip Op 00576)





People v Hill


2022 NY Slip Op 00576


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND BANNISTER, JJ.


1019 KA 19-01644

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TANEASHA HILL, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (MATTHEW BELLINGER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered June 6, 2019. The judgment convicted defendant upon a jury verdict of falsifying business records in the second degree (58 counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her upon a jury verdict of 58 counts of falsifying business records in the second degree (Penal Law § 175.05 [1]), defendant contends that County Court erred in admitting exhibits 5, 6, 7, 17 and 18 in evidence.
Defendant failed to preserve for our review her contention that she was denied her right of confrontation with respect to exhibits 5, 6 and 7 (see People v Liner, 9 NY3d 856, 856-857 [2007], rearg denied 9 NY3d 941 [2007]). In any event, after reviewing the pertinent factors (see generally People v Rawlins, 10 NY3d 136, 151-156 [2008], cert denied 557 US 934 [2009]), we conclude that the records at issue, i.e., wage reports compiled by the New York State Department of Labor, are not testimonial in nature (see generally People v Freycinet, 11 NY3d 38, 41-42 [2008]). Consequently, contrary to defendant's further contention, we conclude that she "was not deprived of effective assistance by defense counsel's failure to object [on confrontation grounds to the admission of exhibits 5, 6 and 7] inasmuch as any such objection would have had little or no chance of success" (People v Thomas, 176 AD3d 1639, 1641 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]).
Defendant next challenges the admission of exhibit 17 on foundation grounds. Defendant's contention that some of the documents in exhibit 17 were not properly admitted as business records because the People failed to establish that they were prepared contemporaneously with or within a short time of the events described therein is not preserved for our review. The objection by defendant to "the admission of that exhibit did not encompass [her] present contention" (People v Evans, 59 AD3d 1127, 1128 [4th Dept 2009], lv denied 12 NY3d 815 [2009]; see generally CPL 470.05 [2]). In any event, we reject that contention inasmuch as the requisite foundation for admission of exhibit 17 as a business record was established (see generally People v Brown, 13 NY3d 332, 341 [2009]; People v Cratsley, 86 NY2d 81, 89-91 [1995]). Contrary to defendant's further contention, that exhibit was properly admitted as a business record notwithstanding that the People did not call the person who created that document as a witness at defendant's trial (see People v Nashal, 130 AD3d 480, 481 [1st Dept 2015], lv denied 26 NY3d 1010 [2015]; see e.g. People v Darden, 142 AD3d 863, 864 [1st Dept 2016], lv denied 28 NY3d 1144 [2017]; see generally People v Kennedy, 68 NY2d 569, 579-580 [1986]).
With respect to defendant's contention that the court erred in admitting exhibit 18 in evidence, we conclude that "the court did not err in allowing the prosecution to introduce [*2]summaries of other documents that had been introduced into evidence and previously provided to the defense, pursuant to the voluminous writings exception to the best evidence rule" (People v Hutchings, 142 AD3d 1292, 1294 [4th Dept 2016], lv denied 28 NY3d 1124 [2016] [internal quotation marks omitted]; see generally People v Potter, 255 AD2d 763, 767 [3d Dept 1998]).
We reject defendant's further contention that, because she was questioned without Miranda warnings by a Department of Labor Investigator, the court erred in refusing to suppress the statement that she made to him. Even were we to assume that the Investigator was acting as an agent of the police (cf. generally People v Rodriguez, 135 AD3d 1181, 1184-1185 [3d Dept 2016], lv denied 28 NY3d 936 [2016]), it is well settled that "the safeguards required by Miranda are not triggered unless a suspect is subject to custodial interrogation . . . [and t]he standard for assessing a suspect's custodial status is whether a reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave" (People v Paulman, 5 NY3d 122, 129 [2005] [internal quotation marks omitted]; see People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]; People v Figueroa, 156 AD3d 1348, 1348 [4th Dept 2017], lv denied 31 NY3d 1013 [2018]). Here, we conclude that defendant was not in custody at the time she spoke to the Investigator, and thus Miranda warnings were not required (see People v Rodriguez, 111 AD3d 1333, 1333-1334 [4th Dept 2013], lv denied 22 NY3d 1158 [2014]; People v Murphy, 43 AD3d 1276, 1277 [4th Dept 2007], lv denied 9 NY3d 1008 [2007]).
Contrary to defendant's contention, after viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]), including with respect to the element of defendant's intent to defraud (see People v Daymon, 156 AD3d 1417, 1417 [4th Dept 2017], lv denied 31 NY3d 983 [2018]; People v Pettersen, 130 AD3d 1536, 1537 [4th Dept 2015], lv denied 26 NY3d 1010 [2015]; see generally People v Taylor, 14 NY3d 727, 729 [2010]).
Finally, the sentence is not unduly harsh or severe.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court