■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL JAMISON, Appellant.—Judgment, Supreme Court, New York County (Dorothy Cropper, J.) rendered July 6, 1989, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to an indeterminate prison term of from twenty-five years to life, unanimously affirmed.

Defendant challenges his conviction on the grounds that insufficient proof was adduced at trial establishing his intent

to kill the victim. The evidence established that defendant, while smoking cocaine at a crack house, engaged in a dispute with the victim over the amount of crack the victim had smoked. Defendant grabbed a nearby kitchen knife, the blade of which was approximately seven inches in length, and thrust the knife once, upwards into the victim's chest. The knife pierced the victim's heart and coronary artery, causing him to hemorrhage and die within approximately fifteen minutes. Two eyewitnesses observed the stabbing, one of whom heard the victim exclaim, "You're trying to kill me." Additionally, in the response to the victim's plaint, "Why did you stab me", defendant responded, "Because I like to see blood." Viewing this evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of murder in the second degree beyond a reasonable doubt *(see, Jackson v Virginia,* 443 US 307, *reh denied* 444 US 890).

There was a sufficient predicate in the trial evidence for a jury charge on defendant's flight as consciousness of guilt. Defendant fled the scene of the crime, failed to return to his place of usual residence, told one of the eyewitnesses the next day he was sorry for his actions and "was going to leave town", evaded investigating detectives, and was apprehended, approximately four and one-half months later, in St. Louis, Missouri. Such evidence provides sufficient grounds for the jury to find that defendant fled the jurisdiction and that his flight was motivated by a consciousness of guilt *(see, People v Allen,* 61 AD2d 619, *affd* 48 NY2d 760).

We find no abuse of discretion by the sentencing court.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Carro, Wallach and Rubin, JJ.