■ The People of the State of New York, Respondent, v Bruce W. Lockerby, Appellant.—Levine, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered March 26, 1990, upon a verdict convicting defendant of the crimes of assault in the first degree and criminal possession of a weapon in the fourth degree.

In February 1989, defendant was indicted for attempted murder in the second degree, two counts of assault in the first degree and criminal possession of a weapon in the fourth

degree. The charges in the indictment stemmed from a January 10, 1989 incident in which defendant stabbed the victim, Byron Hier, several times in the abdomen and back. At trial, both Hier and a witness to the stabbing, Keith Parker, testified regarding the events surrounding the incident. It was their testimony that they, along with defendant, carried out a plan to steal money from a cash register at a Sunoco service station in Rutland, Vermont, during the early morning hours of January 10, 1989. Thereafter, the three men drove in Parker's vehicle into New York, where they stopped at a convenience store in the Town of Whitehall, Washington County. Defendant then apparently requested that Hier enter the store for the purpose of stealing more money. When Hier refused, defendant became verbally abusive. The trio then left the store, drove to a dirt access road near the intersection of State Routes 149 and 4 and got out of the car to urinate. At that time, defendant attacked Hier with a knife owned by defendant, inflicting serious injuries. Defendant and Parker then left Hier at the scene.

Defendant's version of the facts differed markedly from that of Hier and Parker. While defendant admitted stabbing Hier, it was his testimony that Hier acted as the initial aggressor, attacking him with the knife to deter defendant from reporting the Vermont crime to the police. According to defendant, Hier had gotten the knife from defendant's bedroom during a visit to his house earlier that morning. Parker and Hier denied having been in defendant's bedroom at that time. Defendant further testified that after successfully defending himself against Hier's attack, he dropped the knife, at which point Parker picked up the knife and stabbed Hier in the back. Defendant's contention that Parker stabbed Hier was inconsistent with expert testimony excluding Parker's handprint from that found on defendant's knife, but consistent with testimony of Charles Fish, who stated that Parker admitted to him a few days after the incident that he had stabbed Hier.

At the conclusion of the trial the jury found defendant guilty of assault in the first degree and criminal possession of a weapon in the fourth degree. This appeal ensued.

Defendant's first contention on this appeal is that the jury's verdict convicting him of assault in the first degree (see, Penal Law § 120.10 [1]) was not supported by legally sufficient evidence. We disagree. The jury was presented with conflicting versions of the facts by three different witnesses. Although the credibility of each of the witnesses was challenged to some

degree on cross-examination, the jury, exercising its function to resolve matters of credibility, was clearly able to reject defendant's testimony and credit that of Hier and Parker *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932; *People v Moore,* 155 AD2d 725, 726-727, *lv denied* 75 NY2d 773). Viewing all of the evidence in the light most favorable to the People, we conclude that there was sufficient proof from which the jury could find the essential elements of assault in the first degree beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620, 621).

Defendant next contends that County Court erred in permitting Hier's ripped shirt to be admitted into evidence. However, no objection was made to·the admission of the shirt at trial. Thus, the issue was not properly preserved for our review *(see,* CPL 470.05 [2]; *People v Neer,* 129 AD2d 829, *lv denied* 70 NY2d 652) and we see no reason to reverse in the interest of justice *(see,* CPL 470.15 [6] [a]).

Finally, we find unavailing defendant's assertion that County Court erred in giving the jury a consciousness of guilt charge. Parker testified that defendant threw the knife out of the car as they left the scene of the assault and that, upon becoming aware that Parker was speaking with the police the following day, defendant told Parker that he was "taking off". This conduct by defendant provided a sufficient basis to warrant the instruction given *(see, People v Jamison,* 173 AD2d 341, *lv denied* 78 NY2d 955). We note that County Court properly cautioned the jury with respect to the limited value of such evidence as an indication of guilt *(see, People v Yazum,* 13 NY2d 302, 304; *People v Miller,* 123 AD2d 721, *lv denied sub nom. People v Keating,* 70 NY2d 933; *see also,* 1 CJI[NY] 9.16, at 486-487).

Casey, J. P., Weiss, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.