■ The People of the State of New York, Respondent, v Warren Smith, Appellant. [726 NYS2d 12] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered April 6, 2000, convicting defendant, after a jury trial, of burglary in the first degree and two counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 20 years, 12 years and 12 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and not against the weight of the evidence. The element of physical injury was established by evidence that defendant punched the victim on the side of the head during the robbery, causing a bump and a bruise with resulting soreness, as well as pain when eating for approximately a week thereafter (*see, People v Guidice*, 83 NY2d 630, 636; *People v Marsh*, 264 AD2d 647, *lv denied* 94 NY2d 825).

Defendant was not deprived of his right to counsel at the Grand Jury stage of the proceedings. The court properly exercised its discretion in refusing to substitute assigned counsel on the eve of the Grand Jury presentation, and the sole cause of defendant's failure to testify before the Grand Jury was his unjustified refusal to cooperate with the attorney who represented him at that time (*see, People v Sawyer*, 57 NY2d 12, 19, *cert denied* 459 US 1178; *People v Medina*, 44 NY2d 199, 208-209).

Defendant's waiver of jury sequestration was not rendered ineffective by the fact that it was made by counsel while defendant was not present in the courtroom. Waiver of sequestration is not among the types of waivers requiring a defendant's personal consent (*People v Bello*, 82 NY2d 862; *People v Ferguson*, 67 NY2d 383). In any event, counsel stated on the record that he had twice discussed the issue with defendant. Concur—Rosenberger, J. P., Nardelli, Tom, Andrias and Ellerin, JJ.