◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AKEEM SMITH, Appellant. [732 NYS2d 571] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrero, J.), rendered March 29, 1999, convicting him of robbery in the first degree (six counts), robbery in the second degree (six counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him, as a persistent felony offender, to indeterminate terms of 25 years to life imprisonment on four convictions of robbery in the first degree, indeterminate terms of 25 years to life imprisonment on two convictions of robbery in the first degree, to run consecutively to each other and consecutively to the other four convictions of robbery in the first degree, indeterminate terms of 25 years to life imprisonment on each conviction of robbery in the second degree, to run consecutively to each other and consecutively to two convictions of robbery in the first degree, an indeterminate term of 25 years to life imprisonment on the conviction of criminal possession of a weapon in the second degree, to run consecutively to the convictions of robbery in the second degree, and an indeterminate term of 25 years to life imprisonment on the conviction of criminal possession of a weapon in the third degree, to run consecutively to the conviction of criminal possession of a weapon in the second degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all sentences imposed shall run concurrently; as so modified, the judgment is affirmed.

The defendant's contention regarding prosecutorial misconduct is largely unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, the court's curative instruction in connection with the prosecutor's limited cross-examination of the defendant concerning guns that were found in his premises, but were not in evidence, effectively minimized any potential prejudice (*see, People v Berg,* 59 NY2d 294, 299-300).

The defendant's contention that the prosecutor unfairly focused upon his pre-arrest silence is without merit (*see, People v Bennett,* 79 NY2d 464; *People v Jamison,* 173 AD2d 341). Also without merit is the defendant's contention that during summation the prosecutor improperly exploited the ethnic and social class differences between him and the complainants since this information was used to attack the plausibility of the defendant's exculpatory version of the facts.

Although the defendant was not present in the courtroom, he effectively waived the statutory sequestration requirement through the consent of his counsel (*see, People v Bello,* 82 NY2d 862; *People v Smith,* 283 AD2d 208; *cf., People v Ferguson,* 67 NY2d 383, 390).

Under the circumstances of this case, the sentence imposed was excessive to the extent indicated herein (*see, People v Joseph,* 151 AD2d 610). Santucci, J. P., Altman, Townes and Crane, JJ., concur.