■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS CHEATOM, Appellant. [743 NYS2d 346] —Appeal from a judgment of Supreme Court, Erie County (Wolfgang, J.), entered October 21, 1999, convicting defendant after a jury trial of robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of

robbery in the second degree (Penal Law § 160.10 [2] [a]), defendant contends that he was denied effective assistance of counsel. We disagree. The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147). Defendant's challenge to defense counsel's questioning of potential jurors and witnesses is based on a disagreement with trial strategy, which does not constitute ineffective assistance of counsel (*see People v Flores*, 84 NY2d 184, 187; *People v Rivera*, 71 NY2d 705, 708-709). The failure to request a missing witness charge with respect to the police officer who conducted the identification procedure likewise does not constitute ineffective assistance of counsel (*see People v Cruz*, 165 AD2d 205, 207-208, *lv denied* 77 NY2d 959).

Contrary to the further contentions of defendant, the evidence of physical injury is legally sufficient to support the conviction of robbery in the second degree (§ 160.10 [2] [a]; *see e.g. People v Smith*, 283 AD2d 208, *lv denied* 96 NY2d 907; *People v Bernier*, 279 AD2d 701, 702, *lv denied* 96 NY2d 797) and the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495). The sentence is neither unduly harsh nor severe. Present—Pine, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.