■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD HODGE, Appellant. [921 NYS2d 71]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered December 10, 2009, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see *People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence clearly satisfied the el-

ement of physical injury (Penal Law § 10.00 [9]) under the standards articulated by the Court of Appeals. Minor injuries causing moderate pain may suffice (*see People v Chiddick*, 8 NY3d 445, 447 [2007] [fingernail injury]), as may injuries that did not require any medical treatment (*see People v Guidice*, 83 NY2d 630, 636 [1994]). Here, defendant punched the victim in the face five times, causing her to fall to the ground. As a result of the beating, the victim sustained swelling and bruising to the right side of her face and bloodied lips, as well as headaches, blurred vision, and pain in the jaw, making chewing difficult, for approximately two to three weeks after the incident. To the extent defendant challenges the credibility of the victim's description of her injuries, we find no basis for disturbing the jury's credibility determinations. Accordingly, the evidence warrants the conclusion that the victim sustained physical injury (*see e.g. People v Bravo*, 295 AD2d 213, 214 [2002], *lv denied* 99 NY2d 556 [2002]; *People v Smith*, 283 AD2d 208 [2001], *lv denied* 96 NY2d 907 [2001]).

The court's main and supplemental jury instructions regarding physical injury sufficiently conveyed the applicable standards and did not set an inaccurately low threshold. The court correctly stated that impairment of physical condition does not require incapacitation or serious and protracted impairment (*see People v Tejeda*, 165 AD2d 683, 684 [1990], *affd* 78 NY2d 936 [1991]), that substantial pain has to be "more than slight or trivial pain" but need not be "severe or intense" (*see People v Chiddick*, 8 NY3d at 447), and that pain from "petty slaps, shoves, [and] kicks" is insufficient (*see Matter of Philip A.*, 49 NY2d 198, 200 [1980]). It was within the court's discretion to go beyond the statutory language to reflect judicial elucidation of that language (*see People v Samuels*, 99 NY2d 20, 25 [2002]). To the extent it quoted from judicial opinions, "the quoted language artfully expresses general and well-recognized legal principles" (*People v Hommel*, 41 NY2d 427, 429 [1977]), and the court did not invade the jury's province as sole judge of the facts. Concur—Tom, J.P., Andrias, Friedman, Abdus-Salaam and Román, JJ.