█ The People of the State of New York, Respondent, v Ian Goree, Appellant. [966 NYS2d 714]—Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered October 14, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, aggravated unlicensed operation of a motor vehicle in the third degree and driving without a safety belt.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]), defendant contends that Supreme Court failed to conduct a sufficient inquiry pursuant to *People v Outley* (80 NY2d 702 [1993]) into his violation of the conditions of the plea agreement before imposing an enhanced sentence. We conclude that defendant's contention is not preserved for our review inasmuch as he failed to request such a hearing and did not move to withdraw his plea on that ground (*see People v Scott*, 101 AD3d 1773, 1773 [2012]; *People v Anderson*, 99 AD3d 1239, 1239 [2012], *lv denied* 20 NY3d 1059 [2013]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *Scott*, 101 AD3d at 1773; *People v Darcy*, 34 AD3d 230, 231 [2006], *lv denied* 8 NY3d 879 [2007]). We further conclude that the enhanced sentence is not unduly harsh or severe. Present—Smith, J.P., Fahey, Carni, Valentino and Whalen, JJ.