# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1397**
**KA 12-00249**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

LOUIS KELLY, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered December 1, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that the evidence is legally insufficient to support the conviction because the People failed to present evidence that he constructively possessed the handgun while he was a passenger in the minivan in which the handgun was found. We reject that contention. Defendant admitted to a police investigator that he possessed the handgun for at least two months prior to the time that it was found, he was the only backseat passenger in the minivan, and the handgun was found in plain view protruding from a pocket on the back of the front passenger seat. We conclude that the evidence, viewed in the light most favorable to the People, is legally sufficient to support defendant's conviction on a theory of either actual or constructive possession (*see generally People v Danielson*, 9 NY3d 342, 349).

Viewing the evidence in light of the elements of the crime of criminal possession of a weapon in the second degree as charged to the jury (*see id.*), we reject defendant's further contention that the verdict is against the weight of the evidence with respect to that crime (*see generally People v Bleakley*, 69 NY2d 490, 495). Even assuming, arguendo, that an acquittal would not have been unreasonable, we note that, where, as here, "witness credibility is of paramount importance to the determination of guilt or innocence, [we]

must give [g]reat deference . . . [to the jury's] opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Harris*, 15 AD3d 966, 967, *lv denied* 4 NY3d 831 [internal quotation marks omitted]; *see Bleakley*, 69 NY2d at 495).  We decline to disturb the jury's resolution of the conflict between the testimony of the police investigator and the testimony of defendant.  The jury's resolution of that conflict was reasonable, particularly in view of the fact that defendant's testimony contradicted the statements he had previously made to the police investigator at the time of his arrest.

We agree with defendant that County Court failed to make the proper two-part inquiry pursuant to *People v Ventimiglia* (52 NY2d 350) with respect to testimony that defendant told the police that he did not wish to reduce his statement to writing because, "based on his experience, nothing good would come of that," which was an apparent reference to prior contact with the criminal justice system.  The court should have precluded that testimony, which "did not relate to a relevant and material issue in the case" (*People v Judd*, 96 AD3d 784, 784, *lv denied* 19 NY3d 998).  Nonetheless, we conclude that the error in admitting the testimony is harmless, inasmuch as the evidence of defendant's guilt is overwhelming and there is no significant probability that the error contributed to his conviction (*see id.; see generally People v Crimmins*, 36 NY2d 230, 241-242).

Defendant also contends that the court erred in its *Sandoval* ruling by permitting the People to question him concerning a prior felony conviction, when it was later discovered, prior to sentencing, that defendant had been adjudicated a youthful offender on the underlying charge (*see generally People v Gray*, 84 NY2d 709, 712).  By failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve his contention for our review (*see People v Smith*, 90 AD3d 1565, 1566, *lv denied* 18 NY3d 998), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered: December 31, 2015                    Frances E. Cafarell
                                              Clerk of the Court