# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

958

KA 11-01423

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

QUINTIN A. NOWLIN, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF
COUNSEL), FOR DEFENDANT-APPELLANT.

QUINTIN A. NOWLIN, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF
COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Patricia D.
Marks, J.), rendered October 15, 2010.  The judgment convicted
defendant, upon his plea of guilty, of criminal possession of a
controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  In appeal No. 1, defendant appeals from a judgment
of Monroe County Court (Marks, J.) convicting him upon his plea of
guilty of criminal possession of a controlled substance in the third
degree (Penal Law § 220.16 [12]) and, in appeal No. 2, he appeals from
a decision and order of the same court (Argento, J.), which denied his
CPL article 440 motion to vacate the judgment of conviction in appeal
No. 1.  In appeal No. 3, defendant appeals from another judgment of
the same court (Piampiano, J.), convicting him upon a jury verdict of
criminal possession of a controlled substance in the third degree
(§ 220.16 [1]), and criminal possession of a controlled substance in
the fourth degree (§ 220.09 [1]).

In appeal No. 1, defendant contends in his pro se supplemental
brief that the court erred in failing to conduct a sufficient inquiry
pursuant to *People v Outley* (80 NY2d 702) into his violation of the
conditions of the plea agreement and drug treatment court contract
before imposing an enhanced sentence (*see People v Goree*, 107 AD3d
1568, 1568, *lv denied* 21 NY3d 1074; *see generally People v Scott*, 101
AD3d 1773, 1774-1775, *lv denied* 21 NY3d 1019).  Defendant failed to
preserve that contention for our review (*see* CPL 470.05 [2]).  In any
event, defense counsel conceded that defendant had been rearrested in

violation of the conditions of his plea agreement, and thus the court
had no duty to conduct a further inquiry (*see People v Harris*, 197
AD2d 930, 930, *lv denied* 82 NY2d 850).  Defendant further contends in
his pro se supplemental brief with respect to appeal No. 1 that the
court erred in terminating his drug court placement because the drug
court contract did not contain a no-rearrest clause.  That contention,
however, is belied by the drug court contract in the record before us.

With respect to appeal No. 2, we reject defendant's contention in
his pro se supplemental brief that the court erred in denying without
a hearing his motion pursuant to CPL article 440.  In that motion,
defendant contended that trial counsel in appeal No. 1 was ineffective
in failing to challenge the court's determination that defendant
violated the conditions of his drug court contract.  That contention,
however, is based on defendant's contention that there was no clause
in the drug court contract prohibiting rearrest, which, as noted
above, is belied by the record.  The court therefore had discretion to
deny the motion pursuant to CPL 440.30 (4) (d), because "the
allegations essential to support the motion are contradicted by the
record and there is no reasonable possibility that they are true"
(*People v Bonilla*, 6 AD3d 1059, 1061; *see People v Crenshaw*, 34 AD3d
1315, 1316, *lv denied* 8 NY3d 879).

With respect to appeal No. 3, defendant contends in his main
brief that the part of the judgment convicting him of criminal
possession of a controlled substance in the third degree is not
supported by legally sufficient evidence that he intended to sell the
cocaine, and that the verdict is contrary to the weight of the
evidence for the same reason.  Initially, we reject the contention of
the People that defendant failed to preserve that contention for our
review, and we conclude that defendant incorrectly concedes this issue
on appeal.  The Court of Appeals has "held that where[, as here,] the
trial court reserves decision on a defendant's motion to dismiss, the
preservation rules do not bar review of defendant's claim" that the
evidence is legally insufficient (*People v Nicholson*, 26 NY3d 813,
830; *see People v Payne*, 3 NY3d 266, 273, *rearg denied* 3 NY3d 767;
*People v Ubbink*, 120 AD3d 1574, 1574-1575; *People v Evans*, 59 AD3d
1127, 1127, *lv denied* 12 NY3d 815).

Nevertheless, we conclude that the evidence is legally sufficient
to establish defendant's intent to sell the drugs (*see People v King*,
137 AD3d 1572, 1573-1574, *lv denied* 27 NY3d 1134; *see generally People
v Bleakley*, 69 NY2d 490, 495).  Furthermore, with respect to
defendant's contention that the verdict under both counts of the
indictment is contrary to the weight of the evidence, viewing the
elements of the crimes as charged to the jury (*see People v Danielson*,
9 NY3d 342, 349), we further conclude that the verdict is not against
the weight of the evidence (*see People v Freeman*, 28 AD3d 1161, 1162,
*lv denied* 7 NY3d 788; *see generally Bleakley*, 69 NY2d at 495).

With respect to appeal No. 3, defendant further contends in his
main brief that the court erred in its *Sandoval* ruling.  "By failing
to object to the court's ultimate *Sandoval* ruling, defendant failed to
preserve that contention for our review" (*People v Poole*, 79 AD3d

1685, 1685, *lv denied* 16 NY3d 862; *see People v Taylor*, 140 AD3d 1738, 1739; *People v Kelly*, 134 AD3d 1571, 1572, *lv denied* 27 NY3d 1070). In any event, any error in the court's *Sandoval* ruling is harmless inasmuch as the evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see People v Arnold*, 298 AD2d 895, 896, *lv denied* 99 NY2d 580; *see generally People v Grant*, 7 NY3d 421, 424-425).

With respect to appeal No. 3, defendant also contends in his main brief that he was denied effective assistance of counsel because his attorney failed to request a lesser included offense with respect to the first count of the indictment.  It is well settled that, in order "[t]o prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's allegedly deficient conduct (*People v Rivera*, 71 NY2d 705, 709; *see People v Benevento*, 91 NY2d 708, 712; *People v Schumaker*, 136 AD3d 1369, 1372, *lv denied* 27 NY3d 1075, *reconsideration denied* 28 NY3d 974), and defendant failed to make such a showing here.  Indeed, we note that counsel explained his strategy on the record when he declined to request the lesser included offense at issue, and thus defendant's current contention is no more than a mere "disagreement with trial strategy, which does not constitute ineffective assistance of counsel" (*People v Cheatom*, 295 AD2d 959, 960, *lv denied* 98 NY2d 729; *see People v Flores*, 84 NY2d 184, 187; *Rivera*, 71 NY2d at 708-709).

In his main and pro se supplemental briefs, defendant makes further claims of ineffective assistance of counsel in all three appeals.  We conclude with respect to all of defendant's claims of alleged ineffective assistance of counsel that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant also contends in his main brief that the court punished him for exercising his right to trial in appeal No. 3.  Contrary to the People's contention, "the record establishes that this issue is preserved for our review; the court 'was aware of, and expressly decided, the [issue] raised on appeal' " (*People v Collins*, 106 AD3d 1544, 1546, *lv denied* 21 NY3d 1072, quoting *People v Hawkins*, 11 NY3d 484, 493).  Nevertheless, we conclude that the sentence does not constitute a punishment for defendant's exercise of his right to go to trial.  " 'Given that the *quid pro quo* of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater . . . it is . . . to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea' " (*People v Smith*, 21 AD3d 1277, 1278, *lv denied* 7 NY3d 763, quoting *People v Pena*, 50 NY2d 400, 412, *rearg denied* 51 NY2d 770).  We take particular note that the court specifically stated that it was not punishing defendant for exercising his right to go to trial.  In addition, "although the appeal by defendant from the judgment convicting him of the predicate conviction

upon which his adjudication as a second felony offender is based remain[ed] pending [at the time of sentencing]," we nevertheless reject his contention in his pro se supplemental brief that "the court could not use that conviction as the basis for that adjudication" (*People v Bailey*, 90 AD3d 1664, 1666, *lv denied* 19 NY3d 861). With respect to defendant's contention in appeal No. 3, which is raised in his pro se supplemental brief, that the court erred in imposing a fine without holding a hearing or otherwise determining that the amount of the fine corresponded to defendant's gain from the offense, " '[a] fine for a felony, when initially authorized by article 60, may be imposed, irrespective of whether the defendant gained money or property [L. 1977, c. 352; (Penal Law) § 80.00]' " (*People v McFarlane*, 18 AD3d 577, 578, *lv denied* 5 NY3d 791, quoting William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 80, at 5; *see People v Ortiz* [appeal No. 1], 104 AD3d 1202, 1203). The sentence is not unduly harsh or severe.

We have considered defendant's remaining contentions in all three appeals in his main and pro se supplemental briefs, and we conclude that none warrant reversal or modification of the judgments or order.

Entered:  December 23, 2016                     Frances E. Cafarell
                                                Clerk of the Court