■ The People of the State of New York, Respondent, v Ramusa Alejandro, Appellant. [68 NYS3d 62]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered January 19, 2016, as amended July 18, 2016, convicting defendant, after a jury trial, of assault in the second degree and petit larceny, and sentencing him to an aggregate term of five years, unanimously affirmed.

The evidence was legally sufficient to prove that the complainant, Rosalino Luna (Luna), suffered "physical injury," as is required to establish guilt of assault in the second degree under Penal Law § 120.05 (12). "Physical injury" is "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Luna described the pain he suffered as varying from a lot of pain to a great deal of pain. His son, Martin Luna, testified that after being struck by defendant, Luna's face "blew up" and became discolored. P.O. Ezequiel Burgos testified as to his observations of a contusion on Luna's face. Finally, the hospital records indicated bruising and swelling to Luna's face. The evidence established that Luna sustained injuries that caused pain that was "more than slight or trivial" (*People v*

*Chiddick*, 8 NY3d 445, 447 [2007]; *see e.g. People v Samba*, 97 AD3d 411, 413 [1st Dept 2012] [pain need not be "excruciating or incapacitating"], *lv denied* 20 NY3d 1065 [2013]; *People v Hodge*, 83 AD3d 594, 595 [1st Dept 2011] ["(m)inor injuries causing moderate pain," as well as injuries not requiring medical treatment, may suffice], *lv denied* 17 NY3d 859 [2011]). Further, there was legally sufficient evidence that Luna experienced these injuries and the resultant pain as a result of defendant's conduct and independent from that of codefendant Vincent Lopez.[1]

The trial court did not err in denying defendant's request for a charge on justification. A defendant is entitled to a charge on justification when the charge is "supported by a reasonable view of the evidence" (*People v Johnson*, 75 AD3d 426, 426 [1st Dept 2010]; *see also People v Watts*, 57 NY2d 299, 301 [1982]).

Here, the evidence did not support a reasonable belief on defendant's part that the use of physical force against him was imminent. Despite defendant's assertions, there was nothing in the record to suggest that he was surrounded and/or that Luna brandished a knife. The only testimony regarding distance came from Martin Luna, who testified that he was about three meters from Luna and defendant when the punch was thrown by defendant. Even viewing the evidence in the light most favorable to defendant, this testimony did not support the contention that defendant was "surrounded." Further, nothing in the record indicated that Martin Luna was about to use physical force against defendant.

Defendant's argument that he was denied his right to be present at a material stage of trial when, in his absence, the court was informed of new facts regarding his prior conviction of attempted robbery, and effectively modified its ruling, is without merit.

At the *Sandoval* hearing, at which defendant was present, the court inquired of the People what prior convictions they wished to question defendant should he testify. The People, while requesting that they be allowed to question defendant regarding a prior conviction for attempted robbery, including the underlying facts, had few facts concerning the conviction and were unable to respond to the court's questions regarding the conviction. The court chided the People for not providing more detailed information regarding the conviction. It then ruled that defendant could be questioned as to whether "he

---

1. Lopez was charged in a separate count with assault in the second degree, pleaded guilty, and was sentenced to two years incarceration.

had a robbery conviction involving more than two people in the forcible theft of property from an individual." It prohibited the People from asking if defendant or an accomplice possessed a weapon during the commission of the crime. Later, during a midtrial discussion, when defendant was not present, the People informed the court and counsel that they had learned that both defendant and his accomplice had used knives during the robbery.

A *Sandoval* hearing is a material stage of the trial at which a defendant has a right to be present (*see People v Dokes*, 79 NY2d 656 [1992]). However, the right to be present is not violated by defendant's absence from any and all discussions that relate to *Sandoval*. Defendant's absence from the midtrial discussion of the facts underlying his prior conviction did not deprive him of the "opportunity for meaningful input" (*People v Liggins*, 19 AD3d 324, 325 [1st Dept 2005], *lv denied* 5 NY3d 853 [2005]) as there was no modification of the court's *Sandoval* ruling based on the newly disclosed facts. The information imparted to the court and counsel, in defendant's absence, was information specifically ruled on by the court in defendant's presence. The court's *Sandoval* ruling was that the People were precluded from questioning defendant about his use or his accomplice's use of a knife. The court never altered this ruling.

Following the People's representations as to the prior robbery, the court acknowledged that defendant had not been in the courtroom. The court, which expressed its understanding that defendant did not intend to testify, stated that there was "always a chance the [new] information" would change defendant's position about testifying, and that the new information would be repeated in defendant's presence "so that he is in a position to make his final choice." Defendant was brought back to the courtroom and was informed of the information in an off-the-record conversation with his attorney. After being informed of the same, defendant did not testify.[2] Defendant's argument that the only reason for the court to give him a chance to change his position about testifying was that the newly disclosed facts had altered the court's *Sandoval* ruling is belied by the record. There was no statement by the court to counsel or to the People that it was altering its prior ruling based upon the new information imparted by the People. Nor was there any inquiry by counsel, prior to speaking to his client, as to whether the court was altering or changing its rul-

---

**2.** Defendant does not assert that counsel did not fully apprise of him of the People's representations regarding the robbery conviction.

ing. Rather, as stated by the court, the information had to be communicated to defendant so that he had all the information necessary to make a final decision. Concur—Gische, J.P., Webber, Oing, Singh and Moulton, JJ.