People v Derrig (2019 NY Slip Op 06650)





People v Derrig


2019 NY Slip Op 06650


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

109890

[*1]The People of the State of New York, Respondent,
v
Eric J. Derrig, Appellant.

Calendar Date: August 30, 2019

Before: Lynch, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Adam H. Van Buskirk, Auburn, for appellant, and appellant pro se.
Kirk O. Martin, District Attorney, Owego (Sandra L. Cardone of counsel), for respondent.



Appeal from a judgment of the County Court of Tioga County (Keene, J.), rendered May 20, 2016, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant pleaded guilty to an indictment charging him with one count of criminal possession of a controlled substance in the third degree with the understanding that he would be sentenced to a prison term of seven years followed by three years of postrelease supervision. County Court granted defendant's request for release pending sentencing, warning defendant that it would not be bound by its sentencing commitment if defendant was arrested on new charges or otherwise failed to appear. Following a traffic stop in Pennsylvania and the discovery of drugs in the vehicle in which defendant was a passenger, defendant was returned to County Court on a warrant in anticipation of additional drug-related charges being filed in Pennsylvania. County Court thereafter sentenced defendant as a second felony offender to an enhanced sentence of 7½ years in prison, followed by three years of postrelease supervision. This appeal ensued.
We affirm. Defendant argues that County Court erred in imposing an enhanced sentence because he did not violate the terms of the plea agreement. At the time of sentencing, defendant had not been formally charged based upon the events that transpired in Pennsylvania because authorities in that state were awaiting confirmation that the substance seized in the traffic stop was heroin. Because he was not actually "arrested" on new charges, defendant's argument continues, he should not have been subject to an enhanced sentence. The record reflects, however, that defendant elected not to pursue "a full hearing on whether or not he was arrested" in Pennsylvania and agreed to the enhanced sentence in order to avoid a potentially lengthier prison term, thereby rendering this issue unpreserved for our review (see People v Benninger, 173 AD3d 1568, 1569 & n [2019]; People v Smith, 162 AD3d 1408, 1409 [2018]; People v Adams, 153 AD3d 1449, 1451 [2017]; People v Bennett, 143 AD3d 1008, 1009 [2016]). As for defendant's assertion that the enhanced sentence imposed is harsh and excessive, we discern no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Smith, 162 AD3d at 1409-1410; People v Aliano, 116 AD3d 874, 875 [2014], lv denied 23 NY3d 1017 [2014]; People v Goree, 107 AD3d 1568, 1568 [2013], lv denied 21 NY3d 1074 [2013]).
Although defendant argues that County Court should have recused itself, to the extent that this issue has been preserved for our review, we find it to be lacking in merit, as the record fails to reflect either a statutory basis for disqualification (see Judiciary Law § 14) or evidence of judicial bias (see e.g. People v Holmes, 151 AD3d 1181, 1184 [2017], lv denied 29 NY3d 1128 [2017]). Defendant's ineffective assistance of counsel claim, which is premised upon counsel allegedly pressuring defendant to accept the plea, providing inaccurate information regarding defendant's sentencing options and failing to conduct discovery, implicates matters outside of the record that are more appropriately pursued via a CPL article 440 motion (see People v Williams, 171 AD3d 1354, 1355 [2019]; People v Aldous, 166 AD3d 1077, 1079 [2018], lv denied 32 NY3d 1124 [2018]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.