Matter of Smith v Department of Corr. & Community Supervision (2025 NY Slip Op 07065)

Matter of Smith v Department of Corr. & Community Supervision

2025 NY Slip Op 07065

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CV-24-2114
[*1]In the Matter of Akeem Smith, Appellant,
vDepartment of Corrections and Community Supervision et al., Respondents.

Calendar Date:November 14, 2025

Before:Garry, P.J., Pritzker, Ceresia, Powers and Mackey, JJ.

Appellate Advocates, New York City (Lisa Napoli of counsel), for appellant.
Letitia James, Attorney General, Albany (Rachel Raimondi of counsel), for respondents.

Appeal from a judgment of the Supreme Court (William Little, J.), entered November 21, 2024 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition/complaint.
Petitioner was convicted of numerous offenses in 1999 and sentenced, as modified on appeal, to serve a total of 25 years to life in prison (see People v Smith, 288 AD2d 244 [2d Dept 2001], lv denied 97 NY2d 761 [2002]). At his initial appearance before respondent Board of Parole in November 2022, he was granted parole with an open release date of March 13, 2023. After a review by respondent Department of Corrections and Community Supervision revealed that petitioner had been erroneously credited for jail time and was not actually eligible for parole release until October 23, 2023, the Board rescinded his parole release and scheduled a new initial appearance for June 2023. Petitioner's attempts to obtain administrative relief were unavailing, prompting him to commence this combined CPLR article 78 proceeding and declaratory judgment action in January 2024 seeking to, among other things, prohibit respondents from implementing the rescission of parole release and obtain a declaration as to whether the recalculation of his release date was valid. In lieu of serving an answer, respondents moved to dismiss the petition/complaint as moot given petitioner's release to parole supervision on October 23, 2023. Supreme Court granted the motion, and petitioner appeals.
We affirm. Petitioner's claims relate to the calculation of his parole eligibility date and the rescission of his March 2023 parole release and, contrary to his assertion, neither have any impact upon his future entitlement to a discharge from parole supervision because such depends upon his being "on unrevoked community supervision for at least three consecutive years" regardless of when the supervision potentially could have commenced (Executive Law § 259-j [1]). We accordingly agree with Supreme Court that petitioner's release to parole supervision rendered his claims moot (see generally Matter of Mills v New York State Bd. of Parole, 224 AD3d 1025, 1028 n 4 [3d Dept 2024], lv dismissed & denied 41 NY3d 1015 [2024]; Matter of Franco v New York State Bd. of Parole, 157 AD3d 1150, 1151 [3d Dept 2018]; Matter of Burgos v Goord, 246 AD2d 833, 833 [3d Dept 1998], lv denied 91 NY2d 814 [1998]). Supreme Court was "unpersuaded by petitioner's contention that this matter falls within the exception to the mootness doctrine," and so are we (Matter of Waters v Central Off. Review Comm. of the Dept. of Corr. & Community Supervision, 142 AD3d 1204, 1204 [3d Dept 2016]; see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Garry, P.J., Pritzker, Ceresia, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.